**Carvin Odell REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42936.**

Court of Criminal Appeals of Texas.

June 10, 1970.

Evans, Marshall, Graham & Ribak, by William W. Morris, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III and Sparta Bitsis, Asst. Dist. Attys.,

San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The offense is theft of property over the value of fifty dollars; the punishment was assessed by the court at three years.

Appellant was represented by counsel of his own choice. After being duly admonished, he waived a jury and entered a plea of guilty before the court and made an application for probation. He agreed in writing to waive the confrontation of witnesses and to the introduction of affidavits, written statements of witnesses and other documentary evidence. One of the seven exhibits attached to the stipulation and introduced was a written statement by Samuel Fancher which recited that he (Fancher), the appellant, Clinton Todd and another agreed to and did steal the car from a car lot on Broadway Street in San Antonio.

In the stipulation or agreement sworn to by appellant before a deputy district clerk in open court the day of the trial, appellant stated that he and Clinton Todd took the automobile from E. R. Bailey without his consent and with the intent to appropriate it to his own use and benefit.

Appellant contends that the evidence is insufficient to support a plea of guilty before the court on the grounds that the statement of the accomplice witness Samuel Fancher was not corroborated.

The affidavit of appellant contains an admission that appellant committed all of the elements of the offense.

In Rayburn v. State, 362 S.W.2d 649, this Court held that a written confession of Rayburn was suficient to corroborate an accomplice witness.

The affidavit of appellant is of probative value, Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128, and Simpson v. State,

455 S.W.2d 290 (delivered June 2, 1970), and is sufficient to corroborate Fancher's statement which was properly before the court by stipulation.

The judgment is affirmed.