**Joe Carl BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42998.

Court of Criminal Appeals of Texas.

June 17, 1970.

S. John Odom, Bob Heath (on appeal), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and J. Robert Musslewhite, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The offense is rape; the punishment was assessed by the court at thirty years.

The State waived the death penalty. The appellant was represented by counsel of his own choice. After being admonished of the consequences of his plea, the appellant waived the jury and entered a plea of guilty before the court. He agreed in writing to waive the confrontation of witnesses and to the introduction of affidavits and other documentary evidence. The written stipulation is as follows:

"COMES NOW Joe Carl Bell, the defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case: On April 10, 1968 in Harris County Texas I did in and upon Janie Martinez a female 12 years old make an assault and did ravish and have carnal knowledge of the said Janie Martinez the said Janie Martinez not being then and there the wife of the said Joe Carl Bell.
/s/ Joe Carl Bell Jr.
Defendant"

It is contended that the evidence is insufficient to support the conviction. The stipulation was sworn to by appellant on the day of the trial before a deputy district clerk and was approved by his counsel and the judge.

The affidavit of appellant recites all of the elements of the offense of statutory rape, and such affidavit is of probative value and is sufficient to support the conviction under Article 1.15, Vernon's Ann. C.C.P. See Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128; Simpson v. State, Tex.Cr.App., 455 S.W.2d 290; and Ex parte Reed, Tex.Cr.App., 455 S.W.2d 255.

In a supplemental brief filed with the Clerk of this Court, it is now contended that appellant had incompetent counsel at the motion for new trial and "on the first appeal."

There has been only one (this) appeal. Appellant was represented by retained counsel at the trial and when the appellate brief was filed in the trial court. The record does not support the contention of incompetency of counsel.

The judgment is affirmed.