ception. There does appear in the record a written stipulation, signed by appellant and approved in writing by both his attorney and the trial court, which is sufficient to support the conviction. Art. 1.15, Vernon's Ann.C.C.P.; Bell v. State, Tex.Cr.App., 455 S.W.2d 230. Appellant expressly declined the appointment of counsel on appeal, stating that he desired counsel of his own choice.

There is no issue of indigency.

All proceedings appearing regular, the judgment is affirmed.

**Fred ROZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44076.**

Court of Criminal Appeals of Texas.

May 19, 1971.

No attorney on appeal, for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment upon a plea of guilty before the court, five (5) years.

There is neither a transcription of the court reporter's notes nor any bill of ex-