**Andrew Jackson MOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44005.**

Court of Criminal Appeals of Texas.

July 7, 1971.

Dawson & Dawson, Corsicana, for appellant.

Jimmy Morris, Dist. Atty., Corsicana, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by use of a firearm. The punishment was assessed by the court at fifty years.

The appellant entered a plea of guilty after being duly admonished by the court. He waived trial by jury and waived the appearance, confrontation and cross-examination of witnesses. He consented to the introduction of testimony by affidavit, written statements of witnesses and other documentary evidence, and agreed that their testimony might be stipulated.

A "confession stipulation" was signed by the appellant, his attorney and the county attorney. It recited that if J. R. Webb, a peace officer, were present he would testify that he warned the appellant that he did not have to make any statement and of the right to remain silent and his right to counsel. It also recited that the confession, State's Exhibit No. 1, was given voluntarily.

Another stipulation was that if Dennis Smith Sullivan (the alleged injured party) were present, he would testify that the appellant pulled a gun on him and forced him to open the cash register and give him the money from the service station and that he parted with the money because of fear of his life and bodily injury.

The appellant judicially admitted that he was present on the occasion and held a gun on Sullivan and forced him to give the money from the cash register.

Appellant's written confession, introduced into evidence, recited the warning as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and recited that the appellant, Alfred Thomas and Walter Mitchell had gone to Mexia to get appellant's clothing. On their return they went through Rice and the three men went into the station and appellant pointed a gun at the man and Walter got the money out of the register and went to the door and told appellant to shoot the man. The appellant then shot and hit the man "in his glasses" and then shot him in the leg. The three then left and drove to Dallas where Walter gave the appellant twelve dollars as his part of the money.

Appellant had retained counsel at the trial. The court appointed different counsel on appeal.

■■■ The appellant contends that the evidence is insufficient under Article 1.15, Vernon's Ann.C.C.P. The record reflects that the Article was complied with, that the evidence was reduced to writing and filed with the clerk of the court at the time the plea was entered. It is sufficient to support the conviction. Further, the judicial admission or confession by itself is sufficient to support the conviction. Drain v. State, Tex.Cr.App., 465 S.W.2d 939; Bell v. State, Tex.Cr.App., 455 S.W.2d 230.

■■■ Appellant also contends that he was not aware that he waived his constitutional rights when he signed the confession. The confession contains adequate

warnings under Miranda v. Arizona, supra, and Article 38.22, V.A.C.C.P. The appellant also stipulated on the day of the trial that the confession was voluntarily made and that he was properly warned. Nothing in the record supports his contention. It is overruled.

The appellant also contends that he was denied an examining trial. There is nothing in this record to support this allegation. It should be noted that the return of an indictment obviates the necessity for an examining trial. Harris v. State, Tex.Cr.App., 457 S.W.2d 903.

It is contended that appellant entered an invalid plea of guilty because his counsel had let him believe that if he would waive a jury trial he would receive probation. This complaint is not supported by proof, and it is overruled.

No error has been shown. The judgment is affirmed.