Carl Jene JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 44151.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of heroin. The punishment was assessed by the court at fifteen years.

After being duly admonished of the consequences of the plea, the appellant waived a jury and entered a plea of guilty before the court. He agreed in writing to waive the confrontation of witnesses and to the introduction of affidavits and other documentary evidence. His written stipulation stated, among other things, "I judicially confess to the following facts and agree to stipulate that these facts are true and correct and constitute the evidence in this case: That I, on or about the 1st day of December, A.D. 1969, in Harris County, Texas, did then and there unlawfully sell and deliver to C. W. Padgett a narcotic drug, to-wit, heroin." This written stipulation was sworn to by the appellant before the clerk of the court in which he was tried. This instrument, introduced into evidence, supports the court's finding of guilty. Bell v. State, Tex.Cr.App., 455 S. W.2d 230.

Further, the appellant took the stand and testified that he sold the narcotic drug to C. W. Padgett and that he was guilty of the offense charged in the indictment. This evidence amounts to a judicial confession and is sufficient to support the court's finding of guilt. When a defendant enters a plea of guilty and takes the stand and testifies to sufficient facts to show the court that he committed the offense as charged in the indictment, many problems are saved on appeal and on attack by habeas corpus.

The evidence is sufficient to support the conviction. The judgment is affirmed.

ROBERTS, J., not participating.