Eliberto Garcia REYNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 45197.

Court of Criminal Appeals of Texas.

April 5, 1972.

Fred H. Dailey, Jr., Houston (Court Appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Victor Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, on a plea of guilty, six (6) years.

■ Appellant sets forth six grounds of error, all of which are not briefed and, therefore, since they are not in compliance with Art. 40.09, Vernon's Ann.C.C.P., present nothing for review. We will, however, discuss them briefly.

Appellant's first four grounds of error challenge the validity of the affidavits in which he waived his right to trial by jury, to the confrontation of witnesses to be free from self-incrimination and to compulsory process. He claims the record is silent as to whether he knew he had these rights and, when appraised of them, whether he freely and voluntarily waived them.

■ The record does not support these contentions. It reflects that appellant executed the requisite sworn affidavits, approved by his attorney and the court, waiving the above rights and that the court duly admonished him concerning his rights and the consequences of his guilty plea. This is sufficient to show appellant was made aware of his rights and intelligently waived them.

■ Appellant's fifth contention, as we understand it, is that his plea of guilty was not voluntary because it "was clearly the result of 'plea bargaining'" in which the State dropped the enhancement portion of the indictment under Art. 63, Vernon's Ann. P.C., in return for appellant's plea and that "dangling [such] a 'prize'" deprives him of his right to enter his plea without persuasion and compulsion.

Recently, in Gaither v. State, Tex.Cr. App., 479 S.W.2d 50 (1972), we answered a similar contention which we think disposes of appellant's contention. Therein, quoting the Fifth Circuit case of Schnautz v. Beto, 416 F.2d 214, we said:

"All pleas of guilty are the result of some pressures or influences on the mind of the defendant . . . This is a good time too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea-bargaining situation . . . . The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who understands the situation, his rights, and the consequences of his plead and is neither deceived nor coerced."

The record reflects appellant was duly admonished concerning the consequences of his plea and that he knowingly entered such plea. He may not now complain of his decision.

■■ Appellant's sixth contention challenges the sufficiency of the evidence. His sworn affidavit, executed before a deputy district clerk on the day of the trial and, as previously noted, approved by his counsel and the court, recites all the elements necessary to establish burglary. Such an affidavit when introduced in evidence has probative value and is sufficient to support the conviction under Art. 1.15, V.A.C.C.P., Bell v. State, Tex.Cr.App., 455 S.W.2d 230; Reed v. State, Tex.Cr.App., 455 S.W.2d 255; Moss v. State, Tex.Cr.App., 468 S.W. 2d 807.

Finding no reversible error, the judgment is affirmed.

ODOM, J., not participating.