**Darren Dean KEIMIG, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–82–623CR, A14–82–624CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 28, 1983.

Discretionary Review Refused
Jan. 11, 1984.

Alvin Titus, Houston, for appellant.

Winston Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Darren Dean Keimig, appeals from judgments of conviction for auto theft and burglary of a building in Cause number 357,856 and burglary of a habitation in Cause No. 358,185. The appellant waived indictment and entered a plea of guilty to the court on the same day. After a presentence investigation report was prepared for the court, the judge assessed punishment at ten years for the auto theft conviction and twenty years for the burglary of a building conviction in Cause No. 357,856. Appellant was assessed punishment at ninety-nine years imprisonment for the burglary of a habitation conviction in Cause No. 358,185. Both appeals have been consolidated for consideration by this Court. As reformed, we affirm.

In his first ground of error, appellant contends the trial court erred in accepting his guilty plea to the auto theft charge when the voluntariness of the plea was questionable. The appellant's argument stems from the claim that his trial attorney, Roy Smith, advised and counseled him

how to answer the court's question, "How do you plead to the charge?"

The following testimony of appellant will illustrate what took place:

THE COURT: You're charged with automobile theft in Count Number One. How do you plead to that charge?

THE DEFENDANT: (No response.)

THE COURT: Guilty or not guilty?

THE DEFENDANT: I don't know.

(Whereupon Mr. Smith is speaking to the Defendant at this time.)

THE DEFENDANT: I'm guilty.

THE COURT: Okay.

(Whereupon Mr. Smith is speaking to the Defendant again.)

THE COURT: Okay. Think about it.

THE DEFENDANT: Guilty.

THE COURT: Have you had plenty of time to think about your plea?

THE DEFENDANT: Yes, sir.

THE COURT: Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT: I'm guilty.

THE COURT: Have you had plenty of time to talk to Mr. Smith, your attorney, and has Mr. Smith answered all of the questions you have concerning this case?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had any threat of any coercion into pleading guilty today?

THE DEFENDANT: No, sir.

THE COURT: Are you doing this on your own free will?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: Mr. Keimig, I must ask you again, have you had any background of any mental disease or mental illness of any type?

THE DEFENDANT: No, sir.

THE COURT: Have you understood everything Mr. Smith has talked to you about concerning the car theft and also burglary of a building?

THE DEFENDANT: Yes, sir.

The record does not reflect the content of the conversation between appellant and his trial attorney, Roy Smith; however, we cannot assume that Mr. Smith forced or coerced appellant to enter a plea of guilty to the auto theft charge.

TEX.CODE CRIM.PROC.ANN. art. 26.-13 (Vernon Supp.1982–83), states; in pertinent part:

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(b) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

■ We have reviewed the record and find nothing to indicate that the appellant's plea of guilty was not free and voluntary. We also find from reviewing the record that the court complied with Article 26.13 in admonishing the appellant. There is no affirmative showing in the record by appellant that he was not aware of the consequences of his plea or that he was misled or harmed by the admonishment by the court or the advice of his trial attorney. We overrule ground of error one. *See Reyna v. State,* 478 S.W.2d 481 (Tex.Cr. App.1972).

■ In ground of error three, appellant contends he was denied his right to a jury trial in all three of his cases. Appellant alleges that a valid waiver of his right to a jury trial was never effected, because no legally effective or separate document captioned, "Waiver of Trial by Jury" was signed by him. We disagree.

TEX.CODE CRIM.PROC.ANN. art. 1.12 (Vernon 1977) states that "[t]he right to trial by jury shall remain inviolate."

TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977) provides that this right can be waived in felony cases, less than capital, if the proper procedures are followed:

The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned however that such waiver must be made in writing in open court....

The record reflects that appellant signed a document in each cause entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," stating, among other things, that appellant, in open court and prior to entering his plea, waived his right to trial by jury. Each document was signed by appellant, his attorney, and the court. When entering his plea in court, appellant admitted that he had reviewed the waivers with his attorney, and was aware that, by signing each of the waivers, he was giving up his right to a jury trial in each case. When asked if he had any objections to admitting the waivers into evidence, appellant stated he did not. It is our opinion that Article 1.13 was complied with and that, in so waiving his right to a jury trial, the appellant did so voluntarily, knowing the effect of his waiver. No error is shown.

In ground of error two, appellant asserts that he was improperly convicted of both offenses of auto theft and burglary of a building alleged in two counts of the same information in Cause No. 357,856. We agree.

TEX.CODE CRIM.PROC. art. 21.24(a) (Vernon Supp.1982–83) provides as follows:

(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

"Criminal episode" is defined in TEX.PENAL CODE ANN. § 3.01 (Vernon 1974) as "the repeated commission of any one offense defined in Title 7 of this Code (Offenses Against Property)." Section 3.02(a) authorized joinder and prosecution in a single trial for offenses arising out of the same criminal episode, as that term is defined in Section 3.01.

In *Jordan v. State*, 552 S.W.2d 478 (Tex. Cr.App.1977), appellant was convicted in two counts in one indictment for burglary of a building with intent to commit theft and theft. The Court held that the definition of "criminal episode" as set out in TEX.PENAL CODE ANN. § 3.01 (Vernon 1974) precludes burglary and theft from constituting "offenses arising out of the same criminal episode." *Id.* at 479. We find *Jordan* controlling, and hold that the offenses of automobile theft and burglary of a building were improperly joined in a single information because they did not arise out of the same criminal episode.

Improper joinder does not void the information in its entirety; rather only one of the convictions under Cause No. 357,856 can be upheld and the other is void. This court has the authority to reform and correct the judgment. TEX.CODE CRIM. PROC. Article 44.24(b) (Vernon Supp.1982–1983) states as follows:

(b) The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, *or may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require.* (Emphasis added).

We note from reviewing the record that the judgment for the auto theft was entered first in the Judgment Minutes of the 208th District Court of Harris County, Texas in Volume 20, page 212, and the judgment for the burglary of a building was entered at volume 20, page 213 of the 208th District Court's Judgment Minutes. The auto theft offense was alleged in the first count of the information and burglary of a building was alleged in the second count of the information. We also note that the appellant pled guilty to and was sentenced on the auto theft charge first. Therefore, we will reform the judgment and sentence to reflect a conviction only for the offense of auto theft (count one), and reverse and dismiss the prosecution for the offense of burglary of a building (count two) in Cause

No. 357,856. *Sanchez v. State*, 605 S.W.2d 261 (Tex.Cr.App.1980); *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977); *Freeman v. State*, 630 S.W.2d 868 (Tex.App.— Houston [14th Dist.] 1982, pet. ref'd). However, this does not preclude the state from prosecuting the appellant under a different indictment for this offense of burglary of a building.

The judgment and sentence in Cause No. 357,856 is reformed to reflect a conviction only for the offense of auto theft.

As reformed, the judgment of the trial court is affirmed.