Calvin R. BOULDING, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14-83-759-CR, C14-83-760-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 22, 1985.

**458**

Alvin M. Titus, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Calvin R. Boulding appeals two convictions for sexual abuse of a child. The jury assessed punishment for each offense at ten years' imprisonment and a fine of $5,000. Appellant presents three grounds of error: (1) improper joinder of two separate offenses in one indictment, requiring reversal of the second conviction; (2) a fundamentally defective indictment, requiring reversal of both convictions; and (3) the unconstitutionality of TEX.PENAL CODE ANN. § 21.10(b) (Vernon 1974), as it applies to his case. We uphold the first conviction but reverse and remand the second one for a new trial.

Appellant was Chairman of the Board, Administrator, and Executive Director of the Rose Marion Group Home for Boys. The complainant became a resident of the group home on June 1, 1981. In 1983, the State charged the appellant in one indictment with two separate offenses of sexual abuse of the complainant. The indictment alleged that these offenses occurred on August 15, 1981, when the complainant was 13 years old, and on December 15, 1981, after the complainant's 14th birthday. Appellant contends the State improperly joined these two offenses in one indictment.

■ A defendant may be prosecuted under one indictment for all offenses arising out of the same criminal episode. TEX.PENAL CODE ANN. § 3.02(a) (Vernon 1974). However, the two offenses in the present case did not arise out of the same episode; therefore, joining them in one indictment is improper. See TEX.CODE CRIM.PROC. ANN. art. 21.24(a) (Vernon Supp.1985); TEX.PENAL CODE ANN. § 3.01 (Vernon 1974); Santoscoy v. State, 596 S.W.2d 896, 902 (Tex.Crim.App.1980); Garcia v. State, 574 S.W.2d 133, 134 (Tex.Crim.App.1978).

■ Until recently, the law required an appellate court to reverse one conviction obtained pursuant to an indictment that improperly joined two separate offenses. Keimig v. State, 669 S.W.2d 121, 124–125 (Tex.App.—Houston [14th Dist.] 1983, pet.

ref'd). However, the Court of Criminal Appeals recently held that a defendant waives this error on appeal if he fails to object to the improper joinder below. *Drake v. State,* 686 S.W.2d 935 (Tex.Crim. App.1985) (en banc) (not yet reported). Because we find no indication in the record that appellant lodged such an objection, we conclude that he waived any error in the joinder of these two separate offenses. Accordingly, we overrule grounds of error one and two.

In his final ground of error, appellant contends his convictions must be reversed because they were based on a statute that is unconstitutional in its application to his situation. The offense of sexual abuse of a child is defined as follows:

> A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years.

TEX.PENAL CODE ANN. § 21.10(a) (Vernon 1974). Subsection (b) of § 21.10 provides a defense to the conduct described above as follows:

> It is a defense to prosecution under this section that *the child was of the opposite sex,* was at the time of the alleged offense 14 years or older, and had, prior to the alleged offense, engaged promiscuously in sexual intercourse or deviate sexual intercourse. (Emphasis added.)

Because this statute provides a defense for sexual abuse of a "promiscuous" child by an adult of the opposite sex, but not a defense for sexual abuse of that child by an adult of the same sex, appellant claims this particular part of the statute, as it applies to the circumstances of his case, violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

We note that § 21.10(b) applies only when the complainant is 14 or older at the time of the offense. Thus, appellant's allegation of error applies *only* to the offense committed by him on December 15, 1981, after the complainant's 14th birthday. We therefore summarily affirm the conviction for the offense committed on August 15, 1981, when the complainant was only 13. We now consider appellant's constitutional complaint with respect to the December 15th offense.

■ Prior case law on this question is sparse and of little help. In 1981 the Court of Criminal Appeals was confronted with a similar challenge to the constitutionality of Penal Code § 21.10(b) on the basis of sexual-preference discrimination in *Parent v. State,* 621 S.W.2d 796 (Tex.Crim.App.1981). In *Parent,* however, the court found the appellant lacked standing to challenge § 21.10(b), because the complainant was not yet 14 years old. Thus, the constitutional issue remained undecided, but it is now squarely before us. In contrast to *Parent,* the record in the present case clearly reveals the complainant was 14 at the time of the December 15th offense. In addition to the age requirement, however, the appellant must also prove the 14-year-old child had prior to the offense engaged "promiscuously" in sexual or deviate sexual intercourse. We believe he sufficiently proved this element and is eligible to raise the constitutional objection.

The term "promiscuity" (or "promiscuously") connotes sexual conduct with various partners over a reasonable length of time. *Scott v. State,* 668 S.W.2d 901, 902 (Tex.App.—Fort Worth 1984, pet. ref'd). As to this issue, the complainant testified that prior to the sexual encounters with appellant, he had engaged extensively in sexual conduct with about four or five girls. He further testified he is the father of an infant son. This evidence is sufficient under § 21.10(b) to show the complainant engaged promiscuously in sexual intercourse. Thus, appellant has successfully demonstrated that § 21.10(b) applies to his situation, and he may challenge its constitutionality.

Before proceeding further, we note that the Texas Legislature repealed Penal Code § 21.10 effective September 1, 1983, and

substituted § 22.011[1] as a comprehensive sexual assault statute. Section 22.011(d)(1) continues to provide a defense for sexual conduct with children ages 14 or older; but unlike the former statute, § 21.10(b), the new statute does not discriminate between heterosexual and homosexual activity. While some may question the wisdom of providing such a defense for *any* adult (heterosexual or homosexual) who would sexually prey upon children ages 14 to 16, the legislature elected to continue this defense. However, the legislature apparently recognized in § 21.10(b) the problem of sexual-preference discrimination, because it eliminated from the new statute the requirement that the child be of the opposite sex for the defense to be available.

■ We find one portion of § 21.10(b), in effect at the time of appellant's offense, unconstitutional as it applies to appellant's situation, because it improperly discriminates according to the sex of the abused child. The child's sex is irrelevant to the conduct sought to be prohibited. Whether the activity is heterosexual or homosexual, the harm resulting from sexual abuse is equally damaging. In any event, a statutory defense allowed the adult accused must not be predicated on the sex of the abused child. The legislature apparently agrees with this conclusion because it eliminated the discriminatory language from Penal Code § 22.011, now in effect. We sustain ground of error three, eliminate from § 21.10(b) the words "was of the opposite sex," and allow the remainder of § 21.10(b) to stand as written. Our action thus makes this defense available to the appellant.

The trial court issued two separate judgments in this case. We affirm the first judgment pertaining to sexual abuse of a child committed on August 15, 1981, as alleged in count one, paragraph two of the indictment. We reverse the second judgment pertaining to sexual abuse of a child committed on December 15, 1981, as alleged in count one, paragraph four of the indictment. We remand this case to the trial court for a new trial as to the December 15th offense of sexual abuse of a child.

---

**1.** TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1985).