**Darren Dean KEIMIG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 902–83.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1988.

Alvin M. Titus, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr., and Charley Davidson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was charged in a two count information with the offenses of theft over $200.00 and burglary of a building. Appellant entered a plea of guilty to both counts. After a presentence investigation report was prepared for the court, the trial judge assessed punishment at ten years for the theft count and twenty years for the burglary count. On appeal the Fourteenth Court of Appeals found that the offenses were improperly joined in a single indict-

ment in that the requirements of Article 21.24(a), V.A.C.C.P., were not met: i.e., they were not offenses arising out of the same criminal episode. The Court of Appeals reformed the judgment to reflect a conviction only for the offense contained in count one of the indictment—theft over $200.00. The court reversed and "dismissed the prosecution" for the offense of burglary of a building. *Keimig v. State*, 669 S.W.2d 121 (Tex.App.—Houston (14th) 1983).

We granted the State's petition for discretionary review to consider two points. First, a complaint of misjoinder of offenses in the same indictment or information is waived if it is raised for the first time on appeal. And second, since the offenses arose out of the same transaction, the Court of Appeals erred in applying the "criminal episode" test. The State contends that since neither the Penal Code nor the Code of Criminal Procedure contain a provision specifically barring joinder of offenses arising out of the same transaction, such joinder is permissible and the offenses in the instant case were properly joined in the same indictment.

In light of our recent decisions in *Fortune v. State*, 745 S.W.2d 364 (Tex.Cr.App. 1988), and *Holcomb v. State*, 745 S.W.2d 903 (Tex.Cr.App.1988), we find the Court of Appeals reached the correct result.

The judgment of the Court of Appeals is affirmed.