COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-363-CR

 

 

MARIO ROSALEZ                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.      Introduction








Appellant Mario Rosalez
appeals his sentence of twelve years= confinement for sexual assault. 
In his sole issue, Appellant contends that the trial court erred by
overruling his objections to the presentence investigation report.  More specifically, Appellant argues that the
report contained statements denying him of his Sixth Amendment right to
confront and cross-examine witnesses.  We
affirm.

II.     Background

Appellant entered an open
plea of guilty to sexually assaulting his estranged wife.  In conjunction with his open plea, Appellant
executed and filed written plea admonishments, including a document entitled AWritten Waiver of DefendantCJoined by Attorney.@  In pertinent part, the
document states:

(11)  I waive, in accordance
with Articles 1.13 and 1.15 of the Texas Code of Criminal Procedure, my right
to a jury trial both on guilt and punishment; to appearance, confrontation, and
cross-examination of the witnesses; and I agree to oral and/or written
stipulations of evidence.

 

. . . .

 

(13) I DO/DO NOT request a presentence investigation.

 

AI DO@ was circled, and Appellant signed and dated the document, as well as
a judicial confession and an application for community supervision, on May 4,
2004.[1]  Additionally, Appellant=s attorney, the prosecutor, and the court signed and approved the plea
admonishments the same day. 








Subsequently,
an officer of the Tarrant County Community Supervision and Corrections
Department prepared a presentence investigation report, and on July 26, 2004,
Appellant filed with the trial court his objections to it, mainly that portions
of the report contained inadmissible hearsay that, if considered by the court,
would deny Appellant his right to confrontation, as guaranteed by article 1,
section 10, of the Texas Constitution and by the Sixth Amendment to the United
States Constitution.  At the sentencing
hearing, the trial court considered Appellant=s objections, sustaining some while overruling others.  The trial court then took judicial notice of
the contents of the presentence investigation report and sentenced Appellant to
twelve years= confinement
in the Institutional Division of the Texas Department of Criminal Justice. 

III.     Discussion

In the trial
court, Appellant objected to the presentence investigation report under both
article 1, section 10, of the Texas Constitution and the Sixth Amendment to the
United States Constitution; however, he limits his complaint on appeal to his
right under the Sixth Amendment to the United States Constitution.  Accordingly, we will limit our discussion to
Appellant=s right
under the Sixth Amendment to the United States Constitution.  








The Sixth
Amendment to the United States Constitution provides: AIn all criminal prosecutions, the accused shall enjoy the right . . .
to be confronted with the witnesses against him . . . .@  U.S. Const. amend. VI. 
And in Pointer v. Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069
(1965), the U.S. Supreme Court held that the confrontation guarantee of the
Sixth Amendment, including the right of cross-examination, Ais to be enforced against the States under the Fourteenth Amendment
according to the same standards that protect those personal rights against
federal encroachment.@  Brookhart v. Janis, 384 U.S. 1, 3-4,
86 S. Ct. 1245, 1246-47 (1966) (quoting Malloy v. Hogan, 378 U.S. 1, 10,
84 S. Ct. 1489, 1495 (1964)).  However,
the Sixth Amendment right to confront and cross-examine witnesses may be
waived.  See id. at 4, 86 S.
Ct.  1247 ; see also Tacon v. Arizona,
410 U.S. 351, 355, 93 S. Ct. 998, 1000 (1973) (Douglas, J., dissenting). 








There is a
presumption against the waiver of constitutional rights; therefore, for a
waiver to be effective, it must be clearly established that there was Aan intentional relinquishment or abandonment of a known right or
privilege.@  Brookhart, 384 U.S. at 4, 86 S.
Ct. 1247 (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019,
1023 (1938)); see also Tacon, 410 U.S. at 355, 93 S. Ct. at 1000
(Douglas, J., dissenting).  AThe determination of whether there has been an intelligent waiver . .
. must depend, in each case, upon the particular facts and circumstances
surrounding that case, including the background, experience, and conduct of the
accused.@  Tacon, 410 U.S. at 355,
93 S. Ct. at 1000-01 (Douglas, J., dissenting) (quoting Johnson, 304
U.S. at 464, 58 S. Ct. at 1023).  Furthermore, the U.S. Supreme Court has also
held that A[w]aivers of
constitutional rights not only must be voluntary but must be knowing,
intelligent acts done with sufficient awareness of the relevant circumstances
and likely consequences.@  Id. at 355, 93 S. Ct. at 1000-01
(Douglas, J., dissenting) (quoting Brady v. United States, 397 U.S. 742,
748, 90 S. Ct. 1463, 1469 (1970)).

In Reyna
v. State, 478 S.W.2d 481, 482 (Tex. Crim. App. 1972), the Texas Court of
Criminal Appeals addressed a challenge to the validity of a defendant=s affidavits in which he waived his right to trial by jury, to the
confrontation of witnesses, to be free from self-incrimination, and to
compulsory process.  The appellant
claimed the record was silent as to whether he knew he had these rights and,
when apprised of them, whether he freely and voluntarily waived them.  Id. 
The court responded:

The record
does not support these contentions.  It
reflects that appellant executed the requisite sworn affidavits, approved by
his attorney and the court, waiving the above rights and that the court duly
admonished him concerning his rights and the consequences of his guilty
plea.  This is sufficient to show
appellant was made aware of his rights and intelligently waived them.

Id.  








Moreover, in
Keimig v. State, 669 S.W.2d 121, 124 (Tex. App.CHouston [14th Dist.] 1983), aff=d on other grounds, 753 S.W.2d 400 (Tex.
Crim. App. 1988), our sister court upheld the waiver of an appellant=s right to a jury trial under similar circumstances.  The record showed that the appellant, his
attorney, and the court had signed a document entitled AWaiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession,@ stating
that the appellant, in open court and prior to entering his plea, waived his
right to a jury trial.  Id.  Furthermore, when entering his plea to the court,
the appellant admitted that he had reviewed the waivers with his attorney, and
was aware that, by signing each of the waivers, he was giving up his right to a
jury trial in each case.  Id.  

The plea
admonishments in this case are similar to the affidavits in Reyna and
the document the appellant signed in Keimig.  Here, Appellant executed and filed written
plea admonishments, which he signed and dated, expressly waiving his right to
confront and cross-examine witnesses at both the guilt and punishment phases of
the trial.  See Tex. Code Crim. Proc. Ann. art.
26.13(d).  Additionally, on the same day,
Appellant=s attorney,
the prosecutor, and the court signed and approved the plea admonishments.  Appellant=s attorney=s
certificate states,

I . . . have fully reviewed and explained to the Defendant the
foregoing admonishments, rights and waivers, . . . and am fully satisfied that
my client is legally competent and has freely, intelligently, knowingly and
voluntarily waived his/her rights, and will enter his/her plea, knowing the
consequences thereof. . . .  

 

Furthermore, the court=s approval and certification
states,








 

The undersigned Judge certifies that all the Written Plea
Admonishments were on this day given to the Defendant.  It clearly appears to the Court and the Court
finds that the Defendant is mentally competent, that he understands the nature
and consequences of his plea and that such plea is intelligently, freely,
knowingly and voluntarily made and entered. . . . 

 

Finally, the
State argues, and we agree, that the Texas Court of Criminal Appeals= opinion of Carroll v. State, 42 S.W.3d 129 (Tex. Crim. App.
2001), relied upon by Appellant, is distinguishable on its facts.  In Carroll, the court held that the
appellant did not knowingly, voluntarily, and intelligently waive her federal
constitutional right against self-incrimination at sentencing even
though she had executed and filed a written waiver.  Id. at 133.  The waiver in Carroll stated, 

10.   Pursuant to Article 1.14 of the Texas Code of
Criminal Procedure, I waive all rights of form, substance or procedure given me
by law.

 

. . . .

 

12.   I waive my right not to incriminate myself,
agree to testify if called as a witness and judicially confess under oath that
each and every allegation contained in the indictment or information which is
not waived by the State is true and I am guilty of the offense as charged.

 

Id. at 132-33.  Unlike Carroll,
however, in the case before us, the words Aboth on guilt and punishment@ were expressly included in the language of the plea
admonishments.  [Emphasis added.]  








Thus, in
light of the written plea admonishments signed by Appellant and signed and
approved by Appellant=s attorney,
the prosecutor, and the court that expressly state that Appellant waives his
right to confront and cross-examine witnesses at both the guilt and punishment
phases of the trial, we hold that Appellant knowingly, voluntarily, and intelligently
waived his Sixth Amendment right to confront and cross-examine witnesses at the
sentencing hearing.  Therefore, we
overrule Appellant=s sole
issue.[2]

IV.    Conclusion

Having
overruled Appellant=s sole
issue, we affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  February 16, 2006











[1]See Tex. Code Crim. Proc. Ann. art.
26.13(d) (Vernon Supp. 2005).





[2]Because
we have held that Appellant waived any Sixth Amendment right to confrontation
in the sentencing phase, we need not decide whether the statements in the
presentence investigation report are testimonial under Crawford v.
Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004).  See Russeau v. State, 171 S.W.3d 871,
880-81 (Tex. Crim. App. 2005).