**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis BALTAZAR–MURRIETA,
Defendant–Appellant.**

No. 01–50338.
D.C. No. CR–00–03357–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2002.

Submission Withdrawn April 3, 2002.

Resubmitted May 1, 2002.

Decided May 9, 2002.

Before HAWKINS and FISHER, Circuit Judges, and WEINER *, District Judge.

MEMORANDUM **

Jose Luis Baltazar–Murietta was arrested when he drove a maroon 1988 Buick Regal concealing packages of marijuana across the Calexico, California Port of Entry on October 20, 2000. A jury convicted him of importing and possessing 39.82 kilograms of marijuana, in violation of 21 U.S.C. §§ 952, 960 and 841(a)(1). We reverse the district court's denial of Baltazar–Murietta's motion to suppress and remand for an evidentiary hearing.

We hold that the district court erred in denying Baltazar–Murietta's motion to suppress the 12 packages of marijuana found between the metal and plastic panels of his car, because the search of the car may have constituted a nonroutine border search requiring reasonable suspicion. Although a routine border search, including an inspection of the passenger compartment of a car, does not require any level of suspicion, "in order to conduct a search that goes beyond the routine, an inspector

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

must have a reasonable suspicion that the person to be searched may be carrying contraband." *United States v. Molina–Tarazon,* 279 F.3d 709, 712 (9th Cir.2002).

■ It is unclear whether the search of Baltazar–Murietta's car was routine or nonroutine. On appeal, the government asserts that the search was routine because Agent Richard Mendibles first removed a plastic ventilation cap, saw a suspicious-looking package and then removed the plastic rear quarter panels of the car. Mendibles' trial testimony, however, suggests that he began the inspection by removing the plastic rear quarter panel first. (SER 440–441.)[1] We are unable to discern from the record exactly how the search proceeded.[2] Accordingly, we cannot determine whether the search was routine or nonroutine, and thus we remand for an evidentiary hearing on this matter. On remand, the district court should be guided by *Molina–Tarazon*'s articulation of "what factors render the search of an object nonroutine." *Molina–Tarazon,* 279 F.3d at 713.

If the district court on remand finds the search to be routine, Baltazar–Murietta's conviction and sentence shall stand. If the district court finds the search to be nonroutine, it should suppress the drugs found in Baltazar–Murietta's vehicle, as well as any other fruits of the search, including the arrest and postarrest statement, and vacate the conviction.

■ The government urges us to affirm the denial of the motion to suppress on the ground that, even if the search was nonroutine, there was reasonable suspicion to conduct it. However, the only two valid factors supporting reasonable suspicion— Baltazar–Murietta's nervousness and his two different stories about his destination—do not supply a particularized and objective basis for suspecting that he was carrying contraband. *Compare United States v. Perez,* 37 F.3d 510 (9th Cir.1994). We do not consider the detector dog's alert in determining whether Agent Mendibles had reasonable suspicion because the government did not offer any evidence of the dog's reliability. *Cf. United States v. Lingenfelter,* 997 F.2d 632, 639 (9th Cir.1993).

Assuming the search is found to be routine and thus lawful, Baltazar–Murietta argues as an alternative basis to reverse the district court's denial of his motion to suppress that the drugs and his postarrest statement were fruits of an illegal arrest. We conclude that Baltazar–Murietta was not under arrest until he was placed in a holding cell. Because Mendibles resolved to search the car well before the arrest, the drugs found during the search cannot be a fruit of an illegal arrest. Moreover, even though it is unclear whether Baltazar–Murietta was placed in the holding cell before or after the drugs were found, it is certain that the government did not begin to interrogate him until after it had probable cause to arrest him based on the vehicle search. Baltazar–Murietta's state-

---

1. "SER" refers to the government's Supplemental Excerpts of Record.

2. We are troubled by the Assistant U.S. Attorney's representation to us at oral argument that there was no dispute that Mendibles removed the ventilation cap before he removed the rear quarter panel. Defense counsel at oral argument, however, disagreed and pointed out that the government in November 2001 had moved to remand the case for an eviden-

tiary hearing on exactly this issue. The same AUSA who appeared at oral argument and who tried the case declared under penalty of perjury that "an evidentiary hearing is necessary to determine the following ...: exactly how did the search occur ...." In direct contradiction to her own declaration, which was not included in the Excerpts of Record, the AUSA assured this Court that her description of the search was undisputed.

ment, therefore, is not tainted by the potentially illegal arrest, *United States v. Manuel,* 706 F.2d 908, 911 (9th Cir.1983), and the district court properly denied the motion to suppress it.[3]

The district court on remand may find the vehicle search to be nonroutine and thus may vacate Baltazar–Murietta's conviction. Should a retrial ensue, we address Baltazar–Murietta's remaining claims of error.

First, we affirm the district court's pretrial ruling to exclude the expert testimony of Inspector Frances Carillo. The exclusionary ruling was not an abuse of discretion. *United States v. Benavidez–Benavidez,* 217 F.3d 720, 723 (9th Cir.2000), *cert. denied,* 531 U.S. 902, 121 S.Ct. 242, 148 L.Ed.2d 174 (2000). Under *United States v. Fuentes–Cariaga,* 209 F.3d 1140, 1144 (9th Cir.2000), *cert. denied,* 531 U.S. 1043, 121 S.Ct. 642, 148 L.Ed.2d 547 (2000), the court properly prohibited both parties from introducing evidence about the connection between nervousness at the border and criminal culpability. Again, however, we are troubled by the prosecutor's conduct. At trial, the AUSA elicited improper testimony from Agent Thomas Hammerly and demonstrated a disregard for the district court's pretrial order, as well as for her own obligations as a prosecutor. Nonethless, even though we are sympathetic to Baltazar–Murietta's claim of prosecutorial misconduct, we cannot conclude that Baltazar–Murietta was prejudiced by Hammerly's improper testimony.

Second, we affirm the district court's admission of the drug samples (Government's Exhibit 6) and its denial of Baltazar–Murietta's motion for mistrial based on the government's purported *Brady* violation. "A defect in the chain of custody . . . goes to the weight to be afforded to the evidence." *United States v. Robinson,* 967 F.2d 287, 291–292 (9th Cir.1992). Despite the discrepancy between the labels, there was sufficient evidence that the drug samples came from the packages seized from Baltazar–Murietta's car. Baltazar–Murietta was permitted to cross-examine fully each relevant witness and the district court offered him the option of recalling Mendibles. Accordingly, the district court did not abuse its discretion in admitting the evidence. Baltazar–Murietta's *Brady* claim fails because he cannot show that the "nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Howell,* 231 F.3d at 626.

Baltazar–Murietta also challenges his conviction on the basis of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His contention that §§ 841 and 960 are facially unconstitutional is foreclosed by our decisions in *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc), and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002). His claim that *Apprendi* required the government to prove that he had knowledge of the drug quantity and type also fails because it is not clear that *Apprendi* even applies here. Baltazar–Murietta was convicted under § 960, which provides for a five-year statutory maximum regardless of drug type and drug quantity. 21 U.S.C. § 960(b)(4). Because Baltazar–Murietta does not offer evidence that he was exposed to a sentence greater than that provided in § 960(b)(4), his case may not implicate the rule of *Apprendi. See Apprendi,* 530 U.S. at 494, 120 S.Ct. 2348; *United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000).

---

**3.** Of course, as we noted above, if the district court finds the vehicle search to be nonroutine, Baltazar–Murietta's postarrest statement should be suppressed.

In any event, even if *Apprendi* were to apply, any error would be harmless because the actual sentence imposed was 21 months in prison, well below the permissible five-year statutory maximum. *United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000), *cert denied*, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

In conclusion, we reverse the district court's denial of Baltazar–Murietta's motion to suppress the fruits of the vehicle search and remand for an evidentiary hearing to determine whether the search was routine or nonroutine. If the district court finds the search to be routine, Baltazar–Murietta's conviction and sentence shall stand. If the district court finds the search to be nonroutine, the district court should suppress all fruits of the search, including the drugs and the postarrest statement, and vacate the conviction.

REVERSED and REMANDED for further proceedings consistent with this disposition.