**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Jose Luis BALTAZAR–MURRIETA,
Defendant—Appellant.**

No. 02–50509.
D.C. No. CR–00–03357–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2003.

Decided Oct. 6, 2003.

Before HAWKINS and FISHER, Circuit Judges, and WEINER, District Judge.*

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

## MEMORANDUM**

Jose Luis Baltazar–Murrieta was arrested when he drove a maroon 1988 Buick Regal concealing packages of marijuana across the Calexico, California Port of Entry on October 20, 2000. A jury convicted him of importing and possessing 39.82 kilograms of marijuana in violation of 21 U.S.C. §§ 952, 960 and 841(a)(1). We reversed the district court's denial of Baltazar–Murrieta's motion to suppress and remanded for an evidentiary hearing to determine whether the search of Baltazar–Murrieta's car was routine. *See United-ed States v. Baltazar–Murrieta,* 35 Fed. Appx. 478, 2002 WL 961819 (9th Cir.2002) (unpublished decision).

Baltazar–Murrieta was deported to Mexico on May 1, 2002, and was absent from the first scheduled hearing on July 29, 2002. The district court ordered defense counsel to make efforts to secure his client's presence, but Baltazar–Murrieta was absent from the rescheduled hearing on September 20, 2002. The district court concluded that Baltazar–Murrieta had waived his right to be present at the evidentiary hearing and conducted the hearing in absentia. The court found that the search of Baltazar–Murrieta's car was routine and affirmed his conviction and sentence.

Baltazar–Murrieta appeals, claiming infringement of his rights under the Confrontation Clause of the Sixth Amendment, the Fifth Amendment's due process requirements, and Federal Rule of Criminal Procedure 43(a). We review for clear error the district court's factual finding that Baltazar–Murrieta knowingly and voluntarily failed to appear. *See United States*

v. *Houtchens,* 926 F.2d 824, 826 (9th Cir. 1991). We conclude that the district court probably did not commit clear error and that, in any event, any error was harmless. Therefore, we affirm.

The Sixth Amendment's Confrontation Clause and the Fifth Amendment's Due Process Clause secure a defendant's right to be present at any stage of trial where "his presence would contribute to the fairness" of the proceedings. *See Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987); *see also Coy v. Iowa,* 487 U.S. 1012, 1019, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Federal Rule of Criminal Procedure 43 also conveys the right to be present at every trial stage. Fed.R.Crim.P. 43(a).

But this right is waived if a defendant's absence is knowing, intelligent and voluntary. *See Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982); Fed.R.Crim.P. 43(c)(1). Courts infer waiver when it is clear the defendant had sufficient notice of a proceeding but failed to appear. *See, e.g., Houtchens,* 926 F.2d at 826–27 (finding waiver because Houtchens knew of his original and second trial dates but deliberately violated court orders to appear).

Baltazar–Murrieta requested an evidentiary hearing in his initial appeal before this panel. Baltazar–Murrieta succeeded in that appeal, so he had notice that the district court would hold an evidentiary hearing. Moreover, defense counsel has not asserted that he was unable to contact Baltazar–Murrieta to inform him of the evidentiary hearing. On the other hand, the government did not send notice to his last known address. Nonetheless, on the facts of this case, we are inclined to find

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the district court did not clearly err in concluding that Baltazar–Murrieta knowingly waived his right to be present. A contrary holding would effectively turn Baltazar–Murrieta's right to attend the evidentiary hearing into a right to hide from the hearing. *Cf. Raines,* 670 F.2d at 119 ("A defendant cannot be allowed to keep himself deliberately ignorant and then complain about his lack of knowledge.").

But we need not resolve this issue because any error committed was harmless. A defendant's absence from a proceeding is harmless error " 'if there is no reasonable possibility that prejudice resulted from the absence.' " *United States v. James,* 139 F.3d 709, 712 (9th Cir.1998) (quoting *United States v. Kupau,* 781 F.2d 740, 743 (9th Cir.1986)).

In this case, Baltazar–Murrieta contends that a U.S. Customs Inspector discovered marijuana in his car only after removing the quarter panels from the car's side wall. Baltazar–Murrieta further contends that if the removal of the quarter panels occurred before the discovery of marijuana, then the search was nonroutine. However, neither the law of the case nor Ninth Circuit precedent supports this latter contention.[1] In our prior memorandum disposition, we said only that "[w]e are unable to discern from the record exactly how the search proceeded. Accordingly, we cannot determine whether the search was routine or nonroutine, and thus we remand for an evidentiary hearing on this matter." *Baltazar–Murrieta,* 35 Fed.Appx. at 479.

Furthermore, under subsequent cases, the search of Baltazar–Murrieta's car was routine even if his factual allegations are correct. *See, e.g., United States v. Vargas–Castillo,* 329 F.3d 715, 722 (9th Cir.2003) (x-ray of defendant's vehicle, followed by cutting open of spare tire, was a routine border search). Therefore, any error associated with Baltazar–Murrieta's absence from the evidentiary hearing is harmless beyond a reasonable doubt.

**AFFIRMED.**

---

1. "The law of the case doctrine provides that 'the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.' " *Bernhardt v. L.A. County,* 339 F.3d 920, 924 (9th Cir.2003)

(quoting *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 281 (9th Cir.1996)).

