# TACON *v.* ARIZONA

No. 71–6060.  Argued January 9, 1973—Decided February 21, 1973

*Robert J. Hirsh* argued the cause and filed a brief for petitioner.

*William P. Dixon,* Assistant Attorney General of Arizona, argued the cause for respondent.  With him on the brief was *Gary K. Nelson,* Attorney General.

Per Curiam.

Petitioner, while a soldier in the United States Army stationed at Fort Huachuca, Arizona, was arrested and charged by state authorities with the sale of marihuana in violation of applicable state law.  Prior to his trial on this charge, the petitioner was discharged from the Army and voluntarily left Arizona for New York.  When the trial date was set, the petitioner's court-appointed attorney so advised the petitioner and requested him to return to Arizona.  Assertedly because he lacked travel funds, the petitioner did not appear in Arizona on the date set for trial.  Under these circumstances, the trial proceeded without the petitioner's presence, as authorized by state procedure.  The jury returned a guilty verdict.  After the verdict was rendered, the petitioner obtained the necessary travel funds and returned to Arizona in time for his sentencing.  He was sentenced to not less than five

nor more than five and one-half years in prison. The Arizona Supreme Court affirmed his conviction. 107 Ariz. 353, 488 P. 2d 973 (1971).

The petition for certiorari in this case presented questions as to constitutional limits on the States' authority to try in absentia a person who has voluntarily left the State and is unable, for financial reasons, to return to that State. Upon reviewing the record, however, it appears that these broad questions were not raised by the petitioner below nor passed upon by the Arizona Supreme Court. We cannot decide issues raised for the first time here. *Cardinale* v. *Louisiana,* 394 U. S. 437 (1969). The only related issue actually raised below was whether petitioner's conduct amounted to a knowing and intelligent waiver of his right to be present at trial. Since this is primarily a factual issue which does not, by itself, justify the exercise of our certiorari jurisdiction, the writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner, while in the Armed Services, was stationed in Arizona and while there was arrested and charged with the unlawful sale of marihuana. That was on February 24, 1969. His counsel asked for a continuance of the trial until April 22, 1969, which was granted. But no trial date was set at that time, one being subsequently set for March 31, 1970. In the meantime, petitioner had been discharged from the Army and left Arizona for New York and gave his attorney his New York address. The attorney sent word by letter on March 3, 1970, that the trial would start March 31 and asked that he return a week early for preparation. Petitioner received that letter March 6 or 7, but had no funds to return. He apparently in good faith tried to raise the money but was

not successful. He eventually did succeed and arrived in Arizona April 2. But the trial was over. Petitioner was convicted in absentia and sentenced to not less than five years nor more than five and one-half years. On appeal, the Arizona Supreme Court affirmed. 107 Ariz. 353, 488 P. 2d 973.

Under Rule 231 of Arizona's Rules of Criminal Procedure, a trial may be conducted in the defendant's absence "if his absence is voluntary." *Id.*, at 355, 488 P. 2d, at 975. The Arizona Supreme Court held that there had been "a knowing and intelligent waiver of his right to be present at the trial." *Id.*, at 357, 488 P. 2d, at 977. The federal rule of a knowing and intelligent waiver of his right to confrontation and to be present at the trial of his case, cf. *ibid.*, was the test applied by the Arizona Supreme Court.

The Sixth Amendment is applicable to the States by reason of the Fourteenth. *Gideon* v. *Wainwright,* 372 U. S. 335; *Pointer* v. *Texas,* 380 U. S. 400, 406; *Washington* v. *Texas,* 388 U. S. 14. The right "to be confronted with the witnesses against" him—the right of confrontation in the popular sense—means a "face-to-face" meeting. As stated in *Illinois* v. *Allen,* 397 U. S. 337, 338: "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."

It is said by the Court that the broad issue of whether a defendant charged with a felony can ever waive his right to be present at trial is not properly before us, since petitioner neglected to plead the issue in this manner before the state courts. The issue which petitioner did raise in the state courts was whether the evidence in the record was sufficient to show that his absence from trial was voluntary, *i. e.,* that he made a knowing and intelligent waiver of his right to be present. The Court disposes of this "related issue" by holding that it is a factual

issue that does not justify the exercise of our jurisdiction. But the question whether a constitutional right has been waived always involves factual matters. "When constitutional rights turn on the resolution of a factual dispute we are *duty bound to make an independent examination* of the evidence in the record." *Brookhart* v. *Janis,* 384 U. S. 1, 4 n. 4 (emphasis added).

The question of a knowing and intelligent waiver of this man's federal constitutional right to be present at his trial is far from frivolous. Petitioner was not fleeing the jurisdiction or going into hiding. He knew of the trial date and was trying to raise the necessary funds to travel west. A second letter dated March 18, sent by his attorney, suggested that a guilty plea to a reduced charge might be acceptable. But due to a mail strike petitioner did not receive that letter until April 1, when his trial was over. On March 24 petitioner's counsel sent him a telegram stating that trial would proceed March 31 whether petitioner was present or not. But that telegram was never received even by Western Union in New York. On March 30, petitioner called his lawyer, who told him the court would proceed with the trial even though the accused was absent. Petitioner replied that he would attempt to make it. But, as noted, he did not arrive until April 2.

On this record, one cannot say that petitioner had knowingly and intelligently waived his Sixth Amendment right of confrontation. Heretofore, we have never treated the question of waiver cavalierly. We indulge every presumption against the waiver of a constitutional right. We said in a rate case that we "do not presume acquiescence in the loss of fundamental rights." *Ohio Bell Tel. Co.* v. *Commission,* 301 U. S. 292, 307. I would treat a hapless victim of a criminal marihuana charge equally as I would a corporate victim of an incompetent regulatory commission.

When we decide to dismiss this case, we multiply the burdens of the federal court system. The issue of waiver *vel non* of the Sixth Amendment right is now ready for decision. When we dismiss, we in effect tell petitioner first to try state habeas corpus and then federal habeas corpus. When indigents had no counsel, these trials were often pregnant with error, and habeas corpus was the normal remedy. But where the issue is exposed on appeal, it should be resolved then and there. When we fail to take that step here, we ask petitioner and his counsel to exhaust themselves during the next five years while they seek a federal determination of their federal right.

The law of waiver that governs here was stated by Mr. Justice Black in an earlier case many years ago. He ruled on waiver of counsel; but there is no difference when it comes to waiver of the right of confrontation. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson* v. *Zerbst,* 304 U. S. 458, 464. This Court later held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with *sufficient awareness of the relevant circumstances and likely consequences." Brady* v. *United States,* 397 U. S. 742, 748 (emphasis added); see also *Adams* v. *United States ex rel. McCann,* 317 U. S. 269, 275; *Patton* v. *United States,* 281 U. S. 276, 312.

No such showing has been made in the present case. I would reverse the judgment below.