**Frank Lynn BREWER, Petitioner,**

v.

**Robert RAINES, et al., Respondents.**

**No. 81–5497.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 17, 1981.

Decided Feb. 22, 1982.

Rehearing Denied April 8, 1982.

Linda A. Akers, Asst. Atty. Gen., Phoenix, Ariz., for petitioner.

Joel Erik Thompson, Phoenix, Ariz., for respondents.

Before KILKENNY, WALLACE and SNEED, Circuit Judges.

KILKENNY, Circuit Judge:

### FACTS

On February 27, 1978, petitioner Frank Brewer (Brewer) was arraigned in Arizona on charges of armed robbery and wearing a mask in the commission of a public offense. At that time, he was informed of his original trial date, his right to be present at this trial, and that he could be tried *in absentia* should he voluntarily fail to appear. Brewer was subsequently released on bond.

After his release, Brewer disappeared. He did not attempt to contact his attorney or to inform the court of his whereabouts.

He was not heard from again until November of 1978.

In the interim, his trial and sentencing *in absentia* had taken place. Arizona Rule of Criminal Procedure 9.1 provides:

"Except as otherwise provided in these rules, a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it. The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear." 17 A.R.S. R. 9.1.

After a number of continuances, Brewer's trial *in absentia* commenced on June 20, 1978. The jury returned a verdict of guilty the next day. Brewer was sentenced *in absentia* on July 10, 1978, the court finding that his absence was voluntary and his attorney not objecting to a sentencing order at that time. After pronouncing sentence, the court ordered that upon the arrest or detention of the defendant, he be brought back to the court for a hearing on the voluntariness of his absence.

On November 15, 1978, Brewer appeared at a "Hearing as to Voluntary Absence at Time of Jury Trial and Sentencing." At this hearing, the following discourse took place:

"THE COURT: ... at the time you were sentenced, the Court provided that upon your arrest and detention that you be brought back before the Court to determine what you may have to say as far as your absence is concerned on the date of the trial and the date of the sentencing. So at this time do you have any statement that you would like to make to the Court as to the reason for your absence at the time of the trial on the 20th of June?

MR. BREWER: When I got out on bond, your Honor, there was a threat that I didn't know about, when I got out on bond, that wasn't even made clear to me before I got out by the guy that posted my bond after I had already got out. He wanted me to pay him five thousand dollars and he didn't care how I did it; more or less said that I was a dead man when I hit the joint.

THE COURT: Is that the reason you left, Mr. Brewer?

MR. BREWER: Yes, it is, your Honor.

\*     \*     \*     \*     \*     \*

THE COURT: I don't know who you are referring to with respect to the bond, Mr. Brewer, but you realize of course that you could have communicated with the Court or with the officers concerning that and, in other words, in my opinion that does not constitute a valid excuse or reason for not being present at the trial.

Anyway, at this time I don't think I have anything further to do, any alternative other than to confirm your sentence and the verdict of the jury and to order that you be committed to the Department of Corrections to carry out the sentence that has been imposed."

Brewer proceeded to unsuccessfully appeal and to exhaust his available state remedies. On March 20, 1981, he petitioned the federal district court for a writ of habeas corpus. The matter was referred to a magistrate who recommended that the prisoner be released unless the state should retry him or, in the alternative, that his sentences be vacated and the case remanded for new sentencing. The district court entered an order granting relief unless the state afforded Brewer a new trial within 60 days. By its terms, this order was stayed pending the outcome of this appeal.

## DISCUSSION

Brewer's constitutional claim is based upon the Confrontation Clause of the Sixth Amendment, which has been made obligatory upon the states through the Due Process Clause of the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). It is true that one of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present at every stage

of his trial. *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). It is equally true, however, that this right is a right that can be waived. The notion that a trial may never proceed in the defendant's absence has been expressly rejected. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912).

The discussion of the Supreme Court in *Diaz* seems particularly appropriate here. The Court quoted with approval from *Falk v. United States*, 15 App.D.C. 446, *appeal dismissed* 180 U.S. 636, 21 S.Ct. 922, 45 L.Ed. 709 (1901). In *Falk*, the defendant had been present when the trial had begun, but fled the jurisdiction during the presentation of the government's case. The trial proceeded in his absence, and the defendant was convicted. In affirming the conviction, the appeals court stated:

"It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it.... This would be a travesty of justice which could not be tolerated; and it is not required or justified by any regard for the right of personal liberty."

\* \* \* \* \* \*

"The question is one of broad public policy, whether an accused person, placed upon trial for crime and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield." 223 U.S. at 457–58, 32 S.Ct. at 254–255.

■ We echo these finely articulated concerns. A defendant's knowing, intelligent and voluntary absence from his trial acts as a waiver of his Sixth Amendment right to confrontation. And lest there be any misconception, nothing in *Diaz* suggests that this voluntary absence must take place after the trial has begun in order for there to be a waiver. This was simply the factual situation in which the question arose. A court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences. The same reasoning applies to the presence of a defendant at his sentencing. To hold that the Constitution permits a person to be tried and convicted while voluntarily absent, and yet, somehow, precludes the sentencing *in absentia* of the same person would be, at the least, anomalous. When, after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding.

■ The record shows that the petitioner was informed of his original trial date and that his trial could be held *in absentia* if he voluntarily failed to appear. This notice was sufficient to evoke a knowledgeable waiver of petitioner's right to be present. Brewer's failure to know of the continued dates of his trial and his date of sentencing is directly attributable to his failure to keep in contact with the court and his attorney. A defendant cannot be allowed to keep himself deliberately ignorant and then complain about his lack of knowledge.

■ Brewer argues that the inference of voluntariness created by Rule 9.1 is uncon-

stitutional.[1] We disagree. A waiver is an intentional relinquishment or abandonment of a known right or privilege. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Rule 9.1 provides for voluntary waiver because it requires the defendant to have notice of his trial date. The rule provides for a knowing and intelligent waiver because the defendant must have been told of his right to be present and warned that the trial would proceed in his absence. It requires that the defendant be made aware of his right to attend and the adverse consequences that would follow should he fail to do so before the inference of voluntariness would attach. We hold that the rule comports with the requirements of a waiver of the defendant's constitutional rights provided that the defendant is afforded a hearing to determine whether his absence was, in fact, voluntary.

Rule 9.1 was complied with in this case, and Brewer was afforded just such a hearing once he was apprehended. He stood in open court and was asked to explain his absence. The court rejected his feeble explanation, and found that his absence was voluntary and that, therefore, he had waived his right to be present at his trial and sentencing. This finding of voluntariness, which is supported by the record, convinces us that the district court erred in granting this petition for habeas relief.

As we emphasized in *Fritchie v. McCarthy*, 664 F.2d 208 (CA9, 1981), the federal courts are granted only a limited scope of review under the habeas statute, 28 U.S.C. § 2254. Under § 2254(d), a state factual determination rendered after a hearing on the merits is to be presumed correct unless the petitioner establishes at least one of eight specifically enumerated factors is present. If, as here, none of these factors exist, the burden is then on the petitioner to establish, by convincing evidence, that the factual determination of the state court was erroneous. This presump-

tion is a clear congressional mandate, which finds its origin in basic interests of federalism. *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981).

The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact. *Tacon v. Arizona*, 410 U.S. 351, 352, 93 S.Ct. 998, 999, 35 L.Ed.2d 346 (1973). Accordingly, the state court's determination that Brewer's absence was voluntary had to be presumed correct under § 2254(d). Our review of the record and examination of the state court's determination of voluntary absence discloses nothing that would be sufficient to overcome this presumption.

We hold that since his absence was voluntary, Brewer waived his right to be present at his trial and sentencing. He is not entitled to habeas relief, for he is not "in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a).

### CONCLUSION

The order of the district court granting relief is vacated and the case is remanded with instructions to dismiss the petition.

---

1. The constitutionality of the similar predecessor to current Rule 9.1 was upheld by the Arizona Supreme Court in *State v. Tacon*, 107 Ariz. 353, 488 P.2d 973 (Ariz.1971), *cert. grant-*

*ed*, 407 U.S. 909, 92 S.Ct. 2446, 32 L.Ed.2d 682 (1972), *cert. dismissed as improvidently granted*, 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973).