Ronald Lee ROUSE, Petitioner—
Appellant,

v.

Robert LAMPERT, Warden,
Respondent—Appellee.

No. 01–35908.
D.C. No. CV–99–00449–DJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided July 31, 2002.

Before FERGUSON, W. FLETCHER, Circuit Judges, and KING,* District Judge.

## MEMORANDUM**

Oregon state prisoner Ronald Rouse appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that he was forced by the trial judge to choose between being represented by an attorney with whom he had an irreconcilable conflict or being represented by no attorney at all, and that he was thereby denied his Sixth Amendment right to counsel. We disagree that Rouse was faced with such a choice, and therefore affirm.

■ "[O]ur *only* concern when reviewing the constitutionality of a state-court conviction is whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir.2000) (en banc) (quoting 28 U.S.C. § 2254(a)). Rouse alleges that the court's initial refusal to provide him with substitute counsel violated his constitutional rights because his conflict with his attorney "had become so great that it resulted in a total lack of communication[.]" *Id.* at 1026. However, "not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights[,]" *id.* at 1027, and the Supreme Court has made clear that the Sixth Amendment does not guarantee a "mean-

ingful relationship" between defendant and defense counsel, or the absolute right to appointed counsel of the defendant's choice. *See Morris v. Slappy*, 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Here, the trial court's inquiry into Rouse's dissatisfaction with his appointed counsel, "though brief, was sufficient under the circumstances to constitute 'an adequate and fair hearing on (defendant's) motion[.]'" *See Hudson v. Rushen*, 686 F.2d 826, 828 (9th Cir.1982) (alteration in original) (citation omitted). As the magistrate judge noted, much of Rouse's displeasure was directed at the court's scheduling and was not rooted in a fundamental tactical disagreement between attorney and client. *Cf. Schell*, 218 F.3d at 1021. Further, Rouse's total lack of cooperation and indignant attitude toward every aspect of the proceeding demonstrated to the trial judge that whatever communication difficulties existed between Rouse and his counsel were at least partially a result of Rouse's "fail[ure] to make reasonable efforts on his end to develop the relationship." *Id.* at 1027. *See also Crandell v. Bunnell*, 144 F.3d 1213, 1218 (9th Cir. 1998); *Hudson*, 686 F.2d at 831.

■ Once the trial court properly denied Rouse's motion for substituted counsel, Rouse knowingly, intelligently and unequivocally exercised his constitutional right to proceed pro se after being properly advised by the court of the charges against him and the disadvantages of self-representation. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Though Rouse indicated that he wished to invoke his right to represent himself only as an alternative to the appointment of the particular defense attorney, the conditional nature of his request

---

* The Honorable George H. King, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

did not render the request equivocal. *See Adams v. Carroll,* 875 F.2d 1441, 1445 (9th Cir.1989).

■ Rouse makes a separate argument that the trial judge violated his right to counsel of his choice under the Sixth Amendment. On the second day of the proceedings, the trial judge refused to allow Rouse to retain private counsel in Rouse's effort to avoid being represented by the appointed counsel with whom he claimed he had a conflict. While the Constitution "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire," a criminal defendant "may not insist on representation by an attorney he cannot afford." *Caplin & Drysdale v. United States,* 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Rouse's failure to specify to the court that he wanted to retain private counsel until the second day of trial, his refusal to name the attorney, and his inability to provide details as to the cost or arrangements all led the trial judge to conclude that Rouse did not have realistic plans to retain private counsel. The district court did not err in concluding that the trial court's determination was not contrary to clearly established federal law.

■ Finally, Rouse contends that his uncounselled waiver of his right to be present at his trial was not voluntary, knowing or intelligent because his frustration at having been refused his choice of counsel drove him from the courtroom. We disagree. "[W]hen a defendant voluntarily leaves trial, this 'operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.'" *United States v. Houtchens,* 926 F.2d 824, 826 (9th Cir.1991) (quoting *Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1912)). The district court correctly held that there is

no evidence to support a finding that Rouse's absence from the courtroom was involuntary. Rouse's decision to leave originated entirely with him, and he engaged in a discussion of that decision with the trial judge in open court. *See Campbell v. Wood,* 18 F.3d 662, 672 (9th Cir. 1994). He was "told of his right to be present," "warned that the trial would proceed in his absence," and "made aware of . . . the adverse consequences that would follow should he fail to [attend]." *Brewer v. Raines,* 670 F.2d 117, 120 (9th Cir.1982). There is no suggestion that Rouse was incapable of considering or understanding these warnings. *Cf. Rice v. Wood,* 77 F.3d 1138, 1141 (9th Cir.1996) (en banc). Consequently, Rouse was not deprived of the right to be present at his trial, even if he was frustrated by the trial court's requirement that he be represented by appointed counsel over his objections.

Accordingly, the district court's judgment is AFFIRMED.