ROSALEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-363-CR

MARIO ROSALEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.   Introduction

Appellant Mario Rosalez appeals his sentence of twelve years’ confinement for sexual assault.  In his sole issue, Appellant contends that the trial court erred by overruling his objections to the presentence investigation report.  More specifically, Appellant argues that the report contained statements denying him of his Sixth Amendment right to confront and cross-examine witnesses.  We affirm.

II.   Background

Appellant entered an open plea of guilty to sexually assaulting his estranged wife.  
In conjunction with his open plea, Appellant executed and filed written plea admonishments, including a document entitled “Written Waiver of Defendant—Joined by Attorney.”  In pertinent part, the document states:

(11)  I waive, in accordance with Articles 1.13 and 1.15 of the Texas Code of Criminal Procedure, my right to a jury trial both on guilt and punishment; to appearance, confrontation, and cross-examination of the witnesses; and I agree to oral and/or written stipulations of evidence.

. . . .

(13) I DO/DO NOT request a presentence investigation.

“I DO” was circled, and Appellant signed and dated the document, as well as a judicial confession and an application for community supervision, on May 4, 2004.
(footnote: 1)  Additionally, Appellant’s attorney, the prosecutor, and the court signed and approved the plea admonishments the same day. 

Subsequently, an officer of the Tarrant County Community Supervision and Corrections Department prepared a presentence investigation report, and on July 26, 2004, Appellant filed with the trial court his objections to it, mainly that portions of the report contained inadmissible hearsay that, if considered by the court, would deny Appellant his right to confrontation, as guaranteed by article 1, section 10, of the Texas Constitution and by the Sixth Amendment to the United States Constitution.  At the sentencing hearing, the trial court considered Appellant’s objections, sustaining some while overruling others.  The trial court then took judicial notice of the contents of the presentence investigation report and sentenced Appellant to twelve years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. 

III.   Discussion

In the trial court, Appellant objected to the presentence investigation report under both article 1, section 10, of the Texas Constitution and the Sixth Amendment to the United States Constitution; however, he limits his complaint on appeal to his right under the Sixth Amendment to the United States Constitution.  Accordingly, we will limit our discussion to Appellant’s right under the Sixth Amendment to the United States Constitution.  

The Sixth Amendment to the United States Constitution provides: “In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . .”  
U.S. Const. 
amend. VI.  And in 
Pointer v. Texas
, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965), the U.S. Supreme Court held that the confrontation guarantee of the Sixth Amendment, including the right of cross-examination, “is to be enforced against the States under the Fourteenth Amendment according to the same standards that protect those personal rights against federal encroachment.”  
Brookhart v. Janis
, 384 U.S. 1, 3-4, 86 S. Ct. 1245, 1246-47 (1966) (quoting 
Malloy v. Hogan
, 378 U.S. 1, 10, 84 S. Ct. 1489, 1495 (1964)).  However, the Sixth Amendment right to confront and cross-examine witnesses may be waived.  
See id.
 at 4, 86 S. Ct.  1247 ; 
see also Tacon v. Arizona
, 410 U.S. 351, 355, 93 S. Ct. 998, 1000 (1973) (Douglas, J., dissenting)
. 

There is a presumption against the waiver of constitutional rights; therefore,
 for a waiver to be effective, it must be clearly established that there was “an intentional relinquishment or abandonment of a known right or privilege.”  
Brookhart
, 384 U.S.
 
at 4, 86 S. Ct. 1247 (quoting 
Johnson v. Zerbst
, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)); 
see also Tacon
, 410 U.S. at 355, 93 S. Ct. at 1000 (Douglas, J., dissenting).  “The determination of whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.”  
Tacon
, 410 U.S. at 355, 93 S. Ct. at 1000-01 (Douglas, J., dissenting) (quoting 
Johnson
, 304 U.S. at 464, 58 S. Ct. at 1023).
 
 Furthermore, the U.S. Supreme Court has also held that “[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.”  
Id. 
at 355, 93 S. Ct. at 1000-01 (Douglas, J., dissenting) (quoting 
Brady v. United States
, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970)).

In 
Reyna v. State
, 478 S.W.2d 481, 482 (Tex. Crim. App. 1972), the Texas Court of Criminal Appeals addressed a challenge to the validity of a defendant’s affidavits in which he waived his right to trial by jury, to the confrontation of witnesses, to be free from self-incrimination, and to compulsory process.  The appellant claimed the record was silent as to whether he knew he had these rights and, when apprised of them, whether he freely and voluntarily waived them.  
Id.
  The court responded:

The record does not support these contentions.  It reflects that appellant executed the requisite sworn affidavits, approved by his attorney and the court, waiving the above rights and that the court duly admonished him concerning his rights and the consequences of his guilty plea.  This is sufficient to show appellant was made aware of his rights and intelligently waived them.

Id.
  

Moreover, in 
Keimig v. State
, 669 S.W.2d 121, 124 (Tex. App.—Houston [14th
 Dist.] 1983), 
aff’d on other grounds
, 753 S.W.2d 400 (Tex. Crim. App. 1988), our sister court upheld the waiver of an appellant’s right to a jury trial under similar circumstances.  The record showed that the appellant, his attorney, and the court had signed a document entitled “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession,” stating that the appellant, in open court and prior to entering his plea, waived his right to a jury trial.  
Id.
  Furthermore, when entering his plea to the court, the appellant admitted that he had reviewed the waivers with his attorney, and was aware that, by signing each of the waivers, he was giving up his right to a jury trial in each case.  
Id.
  

The plea admonishments in this case are similar to the affidavits in 
Reyna 
and the document the appellant signed in 
Keimig
.  Here, Appellant executed and filed written plea admonishments, which he signed and dated, expressly waiving his right to confront and cross-examine witnesses at both the guilt and punishment phases of the trial.  
See 
Tex. Code Crim. Proc. Ann.
 art. 26.13(d).  Additionally, on the same day, Appellant’s attorney, the prosecutor, and the court signed and approved the plea admonishments.  Appellant’s attorney’s certificate states,

I . . . have fully reviewed and explained to the Defendant the foregoing admonishments, rights and waivers, . . . and am fully satisfied that my client is legally competent and has freely, intelligently, knowingly and voluntarily waived his/her rights, and will enter his/her plea, knowing the consequences thereof. . . .  

Furthermore, the court’s approval and certification states,

The undersigned Judge certifies that all the Written Plea Admonishments were on this day given to the Defendant.  It clearly appears to the Court and the Court finds that the Defendant is mentally competent, that he understands the nature and consequences of his plea and that such plea is intelligently, freely, knowingly and voluntarily made and entered. . . . 

Finally, the State argues, and we agree, that the Texas Court of Criminal Appeals’ opinion of 
Carroll v. State
, 42 S.W.3d 129 (Tex. Crim. App. 2001),
 
relied upon by Appellant, is distinguishable on its facts.  In 
Carroll
, the court held that the appellant did not knowingly, voluntarily, and intelligently waive her federal constitutional right against self-incrimination at 
sentencing 
even though she had executed and filed a written waiver.  
Id. 
at 133.  The waiver in 
Carroll
 stated, 

10. Pursuant to Article 1.14 of the Texas Code of Criminal Procedure, I waive all rights of form, substance or procedure given me by law.

. . . .

12. I waive my right not to incriminate myself, agree to testify if called as a witness and judicially confess under oath that each and every allegation contained in the indictment or information which is not waived by the State is true and I am guilty of the offense as charged.

Id. 
at 132-33.  Unlike 
Carroll
, however, in the case before us, 
the words “both on guilt
 and punishment
” were expressly included in the language of the plea admonishments.
  [Emphasis added.] 
 

Thus, in light of the written plea admonishments signed by Appellant and signed and approved by Appellant’s attorney, the prosecutor, and the court that expressly state that Appellant waives his right to confront and cross-examine witnesses at both the guilt and punishment phases of the trial, we hold that Appellant knowingly, voluntarily, and intelligently waived his Sixth Amendment right to confront and cross-examine witnesses at the sentencing hearing.  Therefore, we overrule Appellant’s sole issue.
(footnote: 2)
IV.   Conclusion

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  February 16, 2006

FOOTNOTES
1:
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(d) (Vernon Supp. 2005).

2:
Because we have held that Appellant waived any Sixth Amendment right to confrontation in the sentencing phase, we need not decide whether the statements in the presentence investigation report are testimonial under 
Crawford v. Washington
, 541 U.S. 36, 124 S. Ct. 1354 (2004).  
See Russeau v. State
, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005).