NO. 07-05-0246-CR
 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 20, 2006


______________________________



DAJUAN LEE REVELS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;



NO. 0947990D; HONORABLE GEORGE GALLAGHER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Pursuant to an open plea of guilty, appellant Dajuan Lee Revels was convicted of
burglary of a habitation and sentenced to twenty-five years confinement. By three issues,
he contends the trial court erred by (1) considering hearsay evidence in the form of a
presentence investigation report, (2) failing to allow him the opportunity to withdraw his
guilty plea, and (3) considering a juvenile conviction to enhance punishment. We affirm.

 Appellant was charged with unlawfully entering the home of his girlfriend's father
and firing a gun at him. Declining a plea offer by the State, appellant pleaded guilty to
burglary of a habitation with intent to commit aggravated assault with a deadly weapon. 
He also pleaded true to a prior felony conviction for murder committed while he was a
juvenile which enhanced the range of punishment to confinement for life or any term not
more than ninety-nine years or less than fifteen years. Following his plea, appellant
requested the preparation of a presentence investigation report. At the punishment
hearing, the trial court considered the presentence investigation report in addition to
testimony from both the victim and appellant. The court subsequently found appellant
guilty of the offense and sentenced him to twenty-five years confinement.

 By his first issue, appellant contends the presentence investigation report contained
hearsay evidence and that, by considering such evidence, the trial court denied him the
right to counsel and the right to cross-examine witnesses. We disagree. Article 37.07,
section 3(d) provides that a trial court may consider presentence investigative reports when
assessing punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp.
2006). The Court of Criminal Appeals has determined that this statute also authorizes a
trial court to consider any hearsay evidence contained within such a report. Fryer v. State,
68 S.W.3d 628, 631 (Tex.Crim.App. 2002). The court reasoned that "[t]o hold otherwise
. . . would be 'to deny the obvious purpose of the statute.'" Id. (quoting Brown v. State, 478
S.W.2d 550, 551 (Tex.Crim.App. 1972)). The trial court did not err by considering
appellant's presentence report at punishment. 

 Moreover, the Fort Worth Court of Appeals, addressing similar contentions in
Stringer v. State, 196 S.W.3d 249 (Tex.App.-Fort Worth 2006, pet. filed) and Rosalez v.
State, 190 S.W.3d 770 (Tex.App.-Fort Worth 2006, pet. ref'd), (1) found that the defendants
had waived their Sixth Amendment right to confront and cross-examine witnesses at
sentencing through their voluntary and knowing execution of written plea admonishments
containing an express waiver of that right. Stringer, 196 S.W.3d at 252; Rosalez, 190
S.W.3d at 773. Appellant executed a written plea admonishment containing language
waiving his right to confront and cross-examine witnesses identical to the language quoted
in Stringer. 196 S.W.3d at 250-51. (2) Like in Stringer and Rosalez, appellant's trial counsel
signed the admonishments, affirming that he had fully reviewed them with his client, and
the trial court also signed them, finding appellant mentally competent and his plea
"intelligently, freely, knowingly and voluntarily entered." And, like in those cases, appellant
points to no evidence suggesting his waiver was not knowing and intelligent. Applying
waiver language previously addressed by the Fort Worth court, we follow that court's
holdings and find appellant waived any Sixth Amendment right of confrontation and cross-examination of witnesses of which he was deprived through the court's review of the 
presentence report. We overrule appellant's first issue. 

 Appellant next contends the trial court should have allowed him to withdraw his
guilty plea because he negated a critical element of the offense by testifying that he had
effective consent to be in the victim's residence. He maintains that upon hearing the
inconsistent testimony, the court should have questioned the voluntariness of his plea
under Article 26.13(b) of the Code of Criminal Procedure. However, it is clear that a trial
court has no duty sua sponte to evaluate the merits of a guilty plea when evidence
inconsistent with guilt is introduced during punishment. Mendez v. State, 138 S.W.3d 334,
350 (Tex.Crim.App. 2004). (3) Further, the record reflects that appellant never sought to
withdraw his guilty plea or otherwise brought his complaint to the trial court's attention. 
Appellant may not present the claim for the first time on appeal. Tex. R. App. P. 33.1;
Aldrich v. State, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003). Appellant's second issue is
overruled.

 By his third issue, appellant contends the trial court erred by considering his juvenile
conviction for murder to enhance his punishment. While conceding that section 12.42(f)
of the Penal Code authorizes the use of juvenile adjudications for enhancing punishment
for offenses committed as an adult, he asks that we find the penal statute unconstitutional. 
See Tex. Pen. Code Ann. § 12.42(f) (Vernon Supp. 2006). Although his brief contains
citations to two cases from other jurisdictions, appellant fails to cite any controlling authority
or make any argument in his brief supporting his position that the statute is
unconstitutional. An appellant's brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record. Tex. R. App.
P. 38.1(h). The issue is waived when an appellant's brief contains no citation to authority
or substantive discussion of how the trial court erred. Cardenas v. State, 30 S.W.3d 384,
393 (Tex.Crim.App. 2000). The issue is overruled.

 Having overruled appellant's issues, the trial court's judgment is affirmed.

 


 James T. Campbell

 Justice





Do not publish.

 

 
1. Both the Rosalez and Stringer opinions were issued after briefing was complete
in this case. 
2. The language reads as follows:


 Joined by my attorney and in accordance with Art. 1.13 and 1.15 of the Code
of Criminal Procedure, I waive and give up my right to a jury, both as to my
guilt and assessment of my punishment. Under Art. 1.15, Code of Criminal
Procedure, I waive and give up the right to appearance, confrontation, and
cross-examination of the witnesses, and I consent to oral and written
stipulations of evidence.
3. Moreover, we agree with the State that appellant's testimony to the effect the
victim's wife was "cool with [appellant] being over there on the computer" although the
victim did not "want [appellant] over there" is not clearly inconsistent with appellant's guilt.



ateral estoppel generally applies when the issue or fact was (1) fully and
fairly litigated in the previous action, (2) essential to the judgment in the previous action,
and (3) the parties were cast as adversaries in the prior litigation. Id. The purpose of the
doctrine of estoppel, on the other hand, is to prevent parties from asserting inconsistent
positions that result in injury as well as to protect those who have been misled by false or
inconsistent statements on which they relied. See Robinson v. Robinson, 961 S.W.2d
292, 301 (Tex.App.--Houston [1st Dist.] 1997, no writ). To the extent that Vera challenges
the trial court's conclusion that her claims were barred by estoppel, she presents nothing
for review. See In re Rogers, 43 S.W.3d at 26; Knie, 23 S.W.3d at 460; Lewis, 768
S.W.2d at 512-13. 

QUASI-ESTOPPEL 

 The doctrine of quasi-estoppel operates to bar one person from asserting, to
another's disadvantage, a right inconsistent with a position previously taken by the first
person. See Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd., 817 S.W.2d 160, 164
(Tex.App.--Houston[14th Dist.] 1991, no writ). The doctrine does not require proof of a
false representation by the person against whom the doctrine is asserted, or detrimental
reliance on the part of the person asserting the doctrine. See id. And, even though the
doctrine is said to encompass such related doctrines as acceptance of benefits and
ratification, quasi-estoppel is not confined to those concepts. See id. 

 Among the bases for the judgment were the trial court's separate conclusions that
Vera's claims were barred by acceptance of benefits, ratification and quasi-estoppel. Vera
does not by any issue challenge the trial court's conclusion that her claims were barred
by the doctrine of quasi-estoppel. She does not reference quasi-estoppel in the argument
portion of any issue, cite any authority as to quasi-estoppel, discuss the elements of quasi-estoppel, or reference any challenge to findings of fact supporting such defense. Thus,
she has neither challenged quasi-estoppel as a ground for the trial court's judgment, see
Cowley, 468 S.W.2d at 354, nor presented the issue for our review. See In re Rogers, 43
S.W.3d at 26; Knie, 23 S.W.3d at 460; Lewis, 768 S.W.2d at 512-13. 


CONCLUSION

 Vera has not challenged the issue of quasi-estoppel as a basis for the judgment. 
She has not presented the doctrines of estoppel and quasi-estoppel for appellate review. 
Accordingly, we are mandated to, and do, affirm the judgment. 

 

 Phil Johnson

 Justice




Do not publish. 
















1. The trial court made numerous findings of fact. Our partial enumeration of the
findings does not correspond to the numbering of the findings by the trial court.