NO. 07-05-0246-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2006
_____

DAJUAN LEE REVELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0947990D; HONORABLE GEORGE GALLAGHER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to an open plea of guilty, appellant Dajuan Lee Revels was convicted of burglary of a habitation and sentenced to twenty-five years confinement. By three issues, he contends the trial court erred by (1) considering hearsay evidence in the form of a presentence investigation report, (2) failing to allow him the opportunity to withdraw his guilty plea, and (3) considering a juvenile conviction to enhance punishment. We affirm.

Appellant was charged with unlawfully entering the home of his girlfriend's father and firing a gun at him. Declining a plea offer by the State, appellant pleaded guilty to burglary of a habitation with intent to commit aggravated assault with a deadly weapon. He also pleaded true to a prior felony conviction for murder committed while he was a juvenile which enhanced the range of punishment to confinement for life or any term not more than ninety-nine years or less than fifteen years. Following his plea, appellant requested the preparation of a presentence investigation report. At the punishment hearing, the trial court considered the presentence investigation report in addition to testimony from both the victim and appellant. The court subsequently found appellant guilty of the offense and sentenced him to twenty-five years confinement.

By his first issue, appellant contends the presentence investigation report contained hearsay evidence and that, by considering such evidence, the trial court denied him the right to counsel and the right to cross-examine witnesses. We disagree. Article 37.07, section 3(d) provides that a trial court may consider presentence investigative reports when assessing punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp. 2006). The Court of Criminal Appeals has determined that this statute also authorizes a trial court to consider any hearsay evidence contained within such a report. *Fryer v. State*, 68 S.W.3d 628, 631 (Tex.Crim.App. 2002). The court reasoned that "[t]o hold otherwise . . . would be 'to deny the obvious purpose of the statute.'" *Id.* (quoting *Brown v. State*, 478 S.W.2d 550, 551 (Tex.Crim.App. 1972)). The trial court did not err by considering appellant's presentence report at punishment.

2

Moreover, the Fort Worth Court of Appeals, addressing similar contentions in *Stringer v. State*, 196 S.W.3d 249 (Tex.App.–Fort Worth 2006, pet. filed) and *Rosalez v. State*, 190 S.W.3d 770 (Tex.App.–Fort Worth 2006, pet. ref'd),[1] found that the defendants had waived their Sixth Amendment right to confront and cross-examine witnesses at sentencing through their voluntary and knowing execution of written plea admonishments containing an express waiver of that right. *Stringer*, 196 S.W.3d at 252; *Rosalez*, 190 S.W.3d at 773. Appellant executed a written plea admonishment containing language waiving his right to confront and cross-examine witnesses identical to the language quoted in *Stringer*. 196 S.W.3d at 250-51.[2] Like in *Stringer* and *Rosalez*, appellant's trial counsel signed the admonishments, affirming that he had fully reviewed them with his client, and the trial court also signed them, finding appellant mentally competent and his plea "intelligently, freely, knowingly and voluntarily entered." And, like in those cases, appellant points to no evidence suggesting his waiver was not knowing and intelligent. Applying waiver language previously addressed by the Fort Worth court, we follow that court's holdings and find appellant waived any Sixth Amendment right of confrontation and cross-

---

[1] Both the *Rosalez* and *Stringer* opinions were issued after briefing was complete in this case.

[2] The language reads as follows:

Joined by my attorney and in accordance with Art. 1.13 and 1.15 of the Code of Criminal Procedure, I waive and give up my right to a jury, both as to my guilt and assessment of my punishment. Under Art. 1.15, Code of Criminal Procedure, I waive and give up the right to appearance, confrontation, and cross-examination of the witnesses, and I consent to oral and written stipulations of evidence.

3

examination of witnesses of which he was deprived through the court's review of the presentence report.  We overrule appellant's first issue.

Appellant next contends the trial court should have allowed him to withdraw his guilty plea because he negated a critical element of the offense by testifying that he had effective consent to be in the victim's residence.  He maintains that upon hearing the inconsistent testimony, the court should have questioned the voluntariness of his plea under Article 26.13(b) of the Code of Criminal Procedure.  However, it is clear that a trial court has no duty sua sponte to evaluate the merits of a guilty plea when evidence inconsistent with guilt is introduced during punishment. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex.Crim.App. 2004).[3]  Further, the record reflects that appellant never sought to withdraw his guilty plea or otherwise brought his complaint to the trial court's attention.  Appellant may not present the claim for the first time on appeal.  Tex. R. App. P. 33.1; *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003).  Appellant's second issue is overruled.

By his third issue, appellant contends the trial court erred by considering his juvenile conviction for murder to enhance his punishment.  While conceding that section 12.42(f) of the Penal Code authorizes the use of juvenile adjudications for enhancing punishment for offenses committed as an adult, he asks that we find the penal statute unconstitutional.

---

[3] Moreover, we agree with the State that appellant's testimony to the effect the victim's wife was "cool with [appellant] being over there on the computer" although the victim did not "want [appellant] over there" is not clearly inconsistent with appellant's guilt.

*See* Tex. Pen. Code Ann. § 12.42(f) (Vernon Supp. 2006). Although his brief contains citations to two cases from other jurisdictions, appellant fails to cite any controlling authority or make any argument in his brief supporting his position that the statute is unconstitutional. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). The issue is waived when an appellant's brief contains no citation to authority or substantive discussion of how the trial court erred. *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000). The issue is overruled.

Having overruled appellant's issues, the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.