COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-111-CR

 

 

FRANCIS WILLIAM STRINGER                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

          FROM CRIMINAL
DISTRICT COURT NO. 3 TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

 








Appellant Francis William Stringer pleaded guilty
to the offense of possession of child pornography, and the trial court
sentenced him to nine years=
confinement.  In a single point, Stringer
complains that the trial court erred by overruling his objection to the
admission of testimonial portions of a pre-sentence investigation report
admitted during the punishment phase of his trial.  Before pleading guilty, Stringer signed a document
entitled AWritten Plea Admonishments,@ which
provides in relevant part:

Joined by my attorney and
in accordance with Art. 1.13 and 1.15 of the Code of Criminal Procedure, I
waive and give up my right to a jury, both as to my guilt and assessment of my
punishment.  Under Art. 1.15, Code of
Criminal Procedure, I waive and give up the right to appearance, confrontation,
and cross-examination of the witnesses, and I consent to oral and written
stipulations of evidence. 

 

See Tex. Code Crim. Proc.
Ann. art. 26.13(d) (Vernon Supp. 2005). 
Stringer did not waive the preparation of a pre-sentence investigation
report.[2]  Stringer=s
counsel also signed the admonishments and acknowledged the following:

I have fully reviewed and explained to [Stringer] the above and
foregoing Court Admonishments, rights, and waivers and the following Judicial
Confession, and am satisfied that [Stringer] understands each, and is legally
competent and has freely, intelligently, knowingly, and voluntarily waived his
rights, has judicially confessed his guilt, and will plead guilty understanding
the consequences thereof.  

 








The court also signed the admonishments and found that Stringer was Amentally
competent and that his plea [was] intelligently, freely, knowingly, and
voluntarily entered.@ 








The Sixth Amendment right to confront and cross-examine
witnesses may be waived.  See
Brookhart v. Janis, 384 U.S. 1, 4, 86 S. Ct. 1245, 1247 (1966); see also
Tacon v. Arizona, 410 U.S. 351, 355, 93 S. Ct. 998, 1000 (1973) (Douglas,
J., dissenting).  There is a presumption
against the waiver of constitutional rights; therefore, for a waiver to be
effective, Ait must be clearly established
that there was >an intentional relinquishment or
abandonment of a known right or privilege.=@  Brookhart, 384 U.S. at 4, 86 S. Ct. at
1247 (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023
(1938), overruled in part on other grounds by Edwards v. Arizona, 451
U.S. 477, 101 S. Ct. 1880 (1981)); see also Tacon, 410 U.S. at 355, 93
S. Ct. at 1000-01 (Douglas, J.,
dissenting).  AThe
determination of whether there has been an intelligent waiver . . . must
depend, in each case, upon the particular facts and circumstances surrounding
that case, including the background, experience, and conduct of the accused.@  Tacon, 410 U.S. at 355, 93 S. Ct. at
1000-01 (Douglas, J., dissenting) (quoting Johnson, 304 U.S. at 464, 58
S. Ct. at 1023).  Furthermore, the United
States Supreme Court has also held that A[w]aivers
of constitutional rights not only must be voluntary but must be knowing,
intelligent acts done with sufficient awareness of the relevant circumstances
and likely consequences.@  Id. at
355, 93 S. Ct. at 1001 (Douglas, J., dissenting) (quoting Brady v. United
States, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970)).

As the State points out, we recently construed a
waiver similar to the one signed by Stringer. 
See Rosalez v. State, No. 02-04-363-CR, 2006 WL 349736, at *1
(Tex. App.CFort Worth Feb. 16, 2006, no
pet.).[3]  In that case, Rosalez contended that the
trial court violated his Sixth Amendment right to confrontation when it
admitted portions of a pre-sentence investigation report during sentencing.  Id. 
We held that Rosalez Aknowingly,
voluntarily, and intelligently waived his Sixth Amendment right to confront and
cross-examine witnesses at the sentencing hearing.@  Id. at *3.








The admonishments signed by Rosalez were
substantially similar to the admonishments signed by Stringer.  Both admonishments stated that the defendants
waived their rights to jury trials during both the guilt-innocence and
punishment stages of trial, and both admonishments stated that the defendants
waived their rights to confront and cross-examine witnesses.  See id. at *1. Additionally, counsel
for both defendants acknowledged that their clients understood their rights and
that they knowingly and voluntarily waived them.  See id. at *2-3.  Lastly, the trial court here found that
Stringer was mentally competent when he entered the plea and that he entered
his plea Aintelligently, freely, voluntarily,
and knowingly,@ and the trial court in Rosalez
made substantially similar findings concerning Rosalez.  See id. at *3.  Stringer has not presented, nor does the
record provide, any facts that would show that he did not knowingly and
intelligently waive his rights to confrontation and cross-examination of
witnesses.  See Tacon, 410 U.S. at 355, 93 S. Ct. at 1001 (Douglas, J.,
dissenting); Rosalez, 2006 WL 349736 at *3.  








We hold that Stringer knowingly, voluntarily, and
intelligently waived his Sixth Amendment right to confront and cross-examine
witnesses at the sentencing hearing.[4]  See Rosalez, 2006
WL 349736 at *3; see also  Tacon, 410 U.S. at 355, 93 S. Ct. at 1001 (Douglas, J.,
dissenting).  Therefore, the trial court
did not err by admitting  testimonial
portions of the pre-sentence investigation report during the punishment phase
of Stringer=s trial.  Accordingly, we overrule Stringer=s sole
point and affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL F:    DAUPHINOT, 
HOLMAN, and WALKER, JJ.

 

DAUPHINOT, J. filed a
dissenting opinion.

 

PUBLISH

 

DELIVERED: May 4, 2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-05-111-CR

 

 

FRANCIS WILLIAM STRINGER                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

I respectfully dissent from the majority=s
holding that a defendant who waives confrontation of witnesses and agrees to
stipulate to evidence of guilt is bound by that waiver when the State seeks to
admit, over his confrontation objection, hearsay evidence of extraneous acts of
misconduct as punishment evidence. 

In Carroll v. State, the Texas Court of Criminal Appeals held, 








[W]here a defendant
pleads guilty either before a judge or jury the trial becomes Aunitary.@   And as a result, there does not exist a
separate punishment phase.  Therefore, we
hold that appellant=s written waiver of her
Fifth Amendment right not to self‑incriminate applied to the entire criminal
adjudication proceeding including the assessment of punishment.[1]

 

In Carroll
v. State IV,[2] the Texas Court of
Criminal Appeals reversed its holding that a defendant who had waived his right
to remain silent at guilt was bound by that waiver when it came to punishment
evidence.[3]  The Carroll
IV court pointed out that in Mitchell v. United States,[4]

the Supreme Court
explicitly rejected the proposition that Aincrimination is complete once guilt has been
adjudicated.@  It stated that the proper rule is that A[a]lthough the witness
has pleaded guilty to a crime charged but has not been sentenced, his
constitutional privilege remains unimpaired.@  It went
on to explain:

 

It is true, as a general
rule, that where there can be no further incrimination, there is no basis for
the assertion of the privilege.  We
conclude that principle applies to cases in which the sentence has been fixed
and the judgment of conviction has become final.  If no adverse consequences can be visited
upon the convicted person by reason of further testimony, then there is no
further incrimination to be feared.

 








Where the sentence has
not yet been imposed a defendant may have a legitimate fear of adverse
consequences from further testimony.  As
the Court stated in  Estelle:  AAny effort by the State to compel [the defendant]
to testify against his will at the sentencing hearing clearly would contravene
the Fifth Amendment.@  Estelle was a capital case, but we
find no reason not to apply the principle to noncapital sentencing hearings as
well.  The essence of this basic
constitutional principle is the requirement that the State which proposes to
convict and punish an individual produce the evidence against him by the
independent labor of its officers, not by the simple, cruel expedient of forcing
it from his own lips.

 

. . . . 

 

Our rule is applicable
whether or not the sentencing hearing is deemed a proceeding separate from the
Rule 11 hearing, an issue we need not resolve.

 

Id.  (citations and internal quotation marks
omitted).  In the instant case, appellant
had pled guilty to the offense charged, but her sentence had not been
determined.  Thus, based on Mitchell,
we hold that appellant=s guilty plea to the
offense charged did not waive her right against self‑incrimination as to
sentencing.[5]

 

The waiver Carroll signed was essentially the same as the waiver in
the case now before this court.  The Carroll
IV court stated, 








Thus, appellant was
explicitly warned about a waiver of the long‑standing right to silence at
the guilt phase, but was not given a similar specific warning regarding a right
to silence at sentencing.  Indeed, she
was told by the trial court that she did not have such a right.[6]  

 

The
concurring opinion in Carroll IV emphasized that in Mitchell, 

the Supreme Court made
clear that a waiver of one=s right against self‑incrimination in the
context of a guilty plea, turns not upon whether the proceeding in which it is
executed is unitary or bifurcated, but upon the nature of what is given up by
the guilty plea and the principles underlying one=s constitutional right
against self‑incrimination:

 

There is no convincing
reason why the narrow inquiry at the plea colloquy should entail such an
extensive waiver of the privilege. 
Unlike the defendant taking the stand, who Acannot reasonably claim
that the Fifth Amendment gives him . . . an immunity from cross‑examination
on the matters he has himself put in dispute,@ the defendant who pleads
guilty puts nothing in dispute regarding the essentials of the offense.  Rather, the defendant takes those matters out
of dispute, often by making a joint statement with the prosecution or
confirming the prosecution=s version of the facts.  Under these circumstances, there is little danger
that the court will be misled by selective disclosure . . . .

 

* * * 

 








Where the sentence has
not yet been imposed a defendant may have a legitimate fear of adverse
consequences from further testimony.  As
the Court stated in Estelle:  AAny effort by the State
to compel [the defendant] to testify against his will at the sentencing hearing
clearly would contravene the Fifth Amendment.@  The Fifth Amendment by its terms prevents a
person from being Acompelled in any criminal
case to be a witness against himself.@  To
maintain that sentencing proceedings are not part of Aany criminal case@ is contrary to the law
and to common sense.  As to the law,
under the Federal Rules of Criminal Procedure, a court must impose sentence
before a judgment of conviction can issue. 
As to common sense, it appears that in this case, as is often true in
the criminal justice system, the defendant was less concerned with the proof of
her guilt or innocence than with the severity of her punishment.  Petitioner faced imprisonment from one year
upwards to life, depending on the circumstances of the crime.  To say that she had no right to remain silent
but instead could be compelled to cooperate in the deprivation of her liberty
would ignore the Fifth Amendment privilege at the precise stage where, from her
point of view, it was most important. 
Our rule is applicable whether or not the sentencing hearing is deemed a
proceeding separate from the Rule 11 hearing, an issue we need not resolve.

 

* * *

 

. . . . The Government
retains the burden of proving facts relevant to the crime at the sentencing
phase and cannot enlist the defendant in this process at the expense of the
self‑incrimination privilege.[7]

 








The case now before this court differs from Carroll I, II, III, and
IV in that at guilt, Appellant waived his right to confront and
cross-examine witnesses and requested the pre-sentence investigation report
(PSI), and at punishment,  he objected to
the PSI evidence of extraneous offenses purportedly committed in Dallas County
as a denial of his right to confront and cross-examine witnesses against him.  The right of confrontation and
cross-examination is a significant constitutional right, just like the right to
remain silent.  As in Carroll, the
issue of guilt of the primary offense was uncontested.  And, as in Carroll, when the sentence
has not yet been imposed, a defendant may have a legitimate fear of adverse
consequences at punishment from hearsay evidence regarding extraneous acts of
misconduct.  

Unlike the facts and law governing Carroll, however, a specific
provision in the Texas Code of Criminal Procedure allows a defendant such as
Appellant, or his attorney, to comment on a PSI.[8]  With the judge=s
permission, the defendant may also contest portions of the PSI by offering
evidence of factual inaccuracies in the investigation or report.[9]  This
is true even though the defendant requested the PSI.[10]  The
law does not force the defendant into an Aall or
nothing@
position.  Consequently, Appellant
properly contested portions of the PSI.








In a jury trial, a jury must be instructed that they may not consider
extraneous offenses or acts of misconduct unless they believe beyond a
reasonable doubt that the defendant committed those acts and offenses.[11]  The
State, then, bears a burden of proof beyond a reasonable doubt when it seeks to
prove extraneous offenses at the punishment phase of a jury trial.[12]  The
State is not relieved of its burden of proof merely because the trial judge
assesses punishment.[13]  

Additionally, the protections of the Confrontation Clause apply to the
punishment phase of trial.[14]  The Texas Court of Criminal Appeals held in Russeau
v. State,

The Sixth Amendment=s Confrontation Clause
provides that, A[i]n all criminal
prosecutions, the accused shall enjoy the right . . . to be confronted with the
witnesses against him.@  This procedural guarantee is applicable in
both federal and state prosecutions and bars the admission of testimonial
statements of a witness who does not appear at trial unless he is unavailable
to testify and the defendant had a prior opportunity to cross‑examine
him.  Generally speaking, a statement is Atestimonial@ if it is a solemn
declaration made for the purpose of establishing some fact.

 








The reports in question
contained testimonial statements which were inadmissible under the
Confrontation Clause, because the State did not show that the declarants were
unavailable to testify and appellant never had an opportunity to cross‑examine
any of them.  Indeed, the statements in
the reports amounted to unsworn, ex parte affidavits of government employees
and were the very type of evidence the Clause was intended to prohibit.  The trial court erred in admitting those
portions of the reports that contained the testimonial statements.[15]

 

Similarly, in the case now before this court, the statements in the
PSI were clearly testimonial.  The State
did not show that the declarants were unavailable to testify, and Appellant
never had an opportunity to cross-examine any of them.  Appellant preserved his confrontation
objection in the trial court and did not waive it merely because he requested a
PSI.  The portion of the PSI accusing
Appellant of extraneous acts of misconduct was properly objected to, and the
trial court should have sustained Appellant=s
objections.  Because the trial court
denied Appellant his constitutional right to confront and cross-examine
witnesses accusing him of crimes, the trial court erred.  Additionally, the State emphasized the
extraneous acts of misconduct in its closing argument to the trial court,
harming Appellant.[16]  Because the majority does not hold that the
trial court reversibly erred, I must respectfully dissent.

 

LEE ANN DAUPHINOT

JUSTICE








PUBLISH    

DELIVERED:
May 4, 2006











[1]See Tex. R. App. P. 47.4.





[2]The written admonishments
included a waiver of the preparation of a pre-sentence investigation
report.  The trial court struck through
the provision and initialed the change. 
In Stringer=s brief, he states that
he agreed to an interview for the pre-sentence investigation report.  During the interview, Stringer refused to
answer any questions about a pending Dallas County charge for possession of
child pornography.  During the punishment
phase of Stringer=s trial, he objected to
four paragraphs of the pre-sentence investigation report that detailed this
charge.    





[3]We decided Rosalez after
Stringer filed his brief in this appeal.





[4]Because we hold that
Stringer waived any Sixth Amendment right to confrontation in the sentencing
phase, we need not decide whether the statements in the pre-sentence
investigation report are testimonial under Crawford v. Washington, 541
U.S. 36, 124 S. Ct. 1354 (2004).  See
Russeau v. State, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005) (holding
that the trial court erred by admitting testimonial statements during the
punishment phase of trial), petition for cert. filed, 74 U.S.L.W 3407
(U.S. Jan 3, 2006.).





[1]Carroll v. State, 975 S.W.2d 630, 632
(Tex. Crim. App. 1998).





[2]42 S.W.3d 129 (Tex. Crim. App. 2001).





[3]Id. at 132.





[4]526 U.S. 314, 119 S. Ct. 1307 (1999). 

 





[5]Carroll IV, 42 S.W.3d at 132
(citations omitted).





[6]Id. at 133.





[7]Id. at 135-36 (Meyers, J.,
concurring) (quoting Mitchell, 526 U.S. at 322‑30, 119 S. Ct. at
1312-16) (citations omitted).





[8]Tex. Code Crim.
Proc. Ann.
art. 42.12, ' 9(e) (Vernon Supp.
2005).





[9]Id.





[10]See id. ' 9(d).





[11]Huizar v. State, 12 S.W.3d 479, 483‑84
(Tex. Crim. App. 2000); Tex. Code Crim.
Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp. 2005).





[12]Tex. Code Crim.
Proc. Ann.
art. 37.07, ' 3(a)(1). 





[13]Id.





[14]Russeau v. State, 171 S.W.3d 871, 880-81
(Tex. Crim. App. 2005).





[15]Id. (citations omitted).





[16]See Tex. R. App. P. 44.2(a).